MANN, Judge.
On a night in St. Petersburg when there was considerable tension between the white and black elements of the community five police officers in one station wagon were on what one of them termed a “routine patrol” when they encountered a group of black people who shouted “Pig” at them. Waller, head of a militant organ *686 ization called JOMO, for Junta of Military Organizations, had an amplified megaphone, and was the most visible and vocal of the group. The officers radioed for a conference with their lieutenant, who said he would meet them at a corner six blocks away.
They met and talked about the abuse they were taking, and it was agreed that if the abuse were repeated directly at them that Waller would be arrested for verbal abuse. As one officer put it, “We were losing quite a bit of face there on 22nd Street.”
The lieutenant led the way back to the group, and, sure enough, Waller repeated the performance. The lieutenant got out of the car, placed Waller under arrest, but didn’t tell him why. At first unresisting, Waller later retaliated by spitting and cursing, and by the time he got to the police station he was charged with verbal abuse, simple assault and use of obscene language.
He was convicted on all three counts, appealed and lost and seeks certiorari here.
Waller contends here, as in the trial court and Circuit Court, that St. Peters-burg ordinance § 25.43.1, which makes it “unlawful for any person to challenge to fight, assault, strike, verbally abuse or make derogatory remarks to a police officer in the performance of his duties,” is unconstitutionally vague and void. He argues as to the second and third offenses that they sprang out of the unlawful arrest for the first and are invalid as a consequence.
The ordinance is unconstitutionally overbroad. It is not at all like that upheld by this court in St. Petersburg v. Calbeck, 1959, Fla.App., 114 So.2d 316, which identified the conduct prohibited with such specificity that a citizen might know what he cannot do. The City’s reliance on decisions of the Supreme Court of the United States is limited to two:
Chaplinsky v. New Hampshire, 1951, 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031, upheld a state statute which had been restrictively interpreted by the Supreme Court of New Hampshire, and, as thus interpreted, reached speech outside the First Amendment guarantee. Implicit in Chap-linsky is the suggestion that the state court to which the matter was first presented did not correctly determine that the statute does not fairly apprise the citizen what speech is forbidden. In the state courts first considering the St. Petersburg ordinance, a declaration of its invalidity is commanded by many other decisions of the Supreme Court, including Stromberg v. California, 1931, 283 U.S. 359, 51 S.Ct. 532, 75 L.Ed. 1117; Hague v. C. I. O., 1938, 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423; Thornhill v. Alabama, 1940, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093; Winters v. New York, 1948, 333 U.S. 507, 68 S.Ct. 665, 92 L.Ed. 840; Cox v. Louisiana, 1965, 379 U.S. 536, 85 S.Ct. 453, 13 L.Ed.2d 471; Dombrowski v. Pfister, 1965, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22; Ashton v. Kentucky, 1966, 384 U.S. 195, 86 S.Ct. 1407, 16 L.Ed.2d 469.
The second case cited by the City is Cantwell v. Connecticut, 1940, 310 U.S. 296, 60 S.Ct. 900, 84 L.Ed. 1213, cited only to show that not all speech is protected, a proposition with which we readily agree. But the opinion in that case does not aid the city: it is one of a large number[1] in which the Supreme Court has held a statute unconstitutional as applied. Whether the City of St. Petersburg may make *687 it a crime for a citizen to call a policeman a pig is a question not before us.
The question which is before us is whether the ordinance now on the books is sufficiently precise to describe an offense so as to give fair warning to the citizen that certain speech is prohibited. If it purports to reach all verbal, abuse, the ordinance is overbroad. If it does not, it clearly fails to specify what speech is prohibited. “Standards of permissible statutory vagueness are strict in the area of free expression.” N.A.A.C.P. v. Button, 1963, 371 U.S. 415, 432, 83 S.Ct. 328, 337, 9 L.Ed.2d 405. The St. Petersburg ordinance here in question is unconstitutional. U.S.Const. Amends. I, XIV.
We cannot agree, however, with the conclusion Waller draws from our decision. There are offenses which presuppose a lawful arrest, like resisting arrest.[2] As to these, the unlawfulness of arrest is a bar. But simple assault and obscene language might lawfully be punished although they follow an unlawful arrest. We do agree that Waller is entitled to a new trial on these two offenses, since defenses based on the unlawfulness of the arrest for verbal abuse were not considered. The question is whether the conduct of Waller after his unlawful arrest was appropriate in resistance to it. The issues of provocation and unconstitutionally discriminatory enforcement of the obscenity ordinance are not briefed here, and may appropriately be considered on retrial. See Yick Wo v. Hopkins, 1886, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220; Cox v. Louisiana, 1965, 379 U.S. 559, 85 S.Ct. 476, 13 L.Ed.2d 487.
So much of St. Petersburg ordinance 25.43.1 as reads “verbally abuse” is void.[3] The writ is granted, with directions to the Circuit Court to reverse the conviction for verbal abuse with directions for discharge and the other convictions with directions to grant a new trial.
HOBSON, J., concurs.
LILES, Acting C. J., dissents.

. De Jonge v. Oregon, 1937, 299 U.S. 353, 57 S.Ct. 255, 81 L.Ed. 278; Herndon v. Lowry, 1937, 301 U.S. 242, 57 S.Ct. 732, 81 L.Ed. 1066; Cantwell v. Connecticut, 1940, 310 U.S. 296, 60 S.Ct. 900, 84 L.Ed. 1213; N.A.A.C.P. v. Button, 1963. 371 U.S. 415. 83 S.Ct. 328, 9 L.Ed. 2d 405; Terminiello v. Chicago, 1949, 337 U.S. 1, 69 S.Ct. 894, 93 L.Ed. 1131; Edwards v. South Carolina, 1963, 372 U.S. 229, 83 S.Ct. 680, 9 L.Ed.2d 697; Cox v. Louisiana, 1965, 379 U.S. 559, 85 S.Ct. 476, 13 L.Ed.2d 487.

. See 4 Wharton, Criminal Procedure, Arrest, § 1628; see also 3 Wharton, op. cit., Escape § 1373; id., Obstructing Justice § 1285. See also 2 Wharton, op. cit.. Breach of the Peace § 810.

. See Annotations, 16 L.Ed.2d 1231; 96 L.Ed. 374; 48 A.L.R. 83; 4 A.L.R.2d 404; Note, The Yoid-for-Vagueness Doctrine in the Supreme Court, 1960, 109 U.Pa.L.Rev. 67; Notes, 59 Yale L.J. 354; 61 Col.L.Rev. 1103.