## STATE v. MAYHEW.

No. 73-279 CF.

Circuit Court, Duval County.

March 21, 1973.

Donald G. Nichols, State Attorney, for the state.

William J. Sheppard of Sheppard, Fletcher, Hand & Adams, Jacksonville, for the defendant.

MAJOR B. HARDING, Circuit Judge.

This cause came on to be heard on the motion of the defendant to dismiss the first and second counts of the information filed herein charging the defendant with violating the provisions of Fla. Stat. §847.04 (1971) (profanity) and Fla. Stat. §843.01 (1971) (resisting arrest).

Having heard argument of counsel, the court finds that §847.04 is unconstitutional on its face as contrary to the guarantees of the first, fifth and fourteenth amendments to the United States Constitution. §847.07 provides —

> "Whoever, having arrived at the age of discretion, uses profane, vulgar and indecent language, in any public place; or upon the private premises of another, or so near thereto as to be heard by another, shall be guilty of a misdemeanor of the second degree, punishable as provided in §775.082 or §775.083; but no prosecution for any such offense shall be commenced after twenty days from the commission thereof."

### Overbreadth

Said statute by its language seeks only to punish spoken words. The statute can stand therefore only if it is limited in application to spoken words that have a direct tendency to cause acts of violence by the person to whom, individually, the words are addressed. See Chaplinsky v. New Hampshire, 315 U. S. 568 (1942); Gooding v. Wilson, 40 U.S.L.W. 4329 (March 23, 1972). To uphold a statute that does otherwise would invite law enforcement officials to suppress constitutionally protected conduct in the mistaken belief that such conduct is prohibited by the statute in question. The United States Supreme Court has consistently refused to uphold a penal statute when conduct protected by the first amendment may be deemed to fall within the terms of its proscription. See Edwards v. South Carolina, 372 U.S. 229 (1963); Stromberg v. California, 283 U.S. 359 (1931); Cox v. Louisiana, 379 U.S. 536 (1965); Thornbill v. Alabama, 310 U.S. 88 (1940); Winters v. New York, 333 U.S. 507 (1948).

Examples of clearly protected conduct which would appear to violate the statute in question may be readily imagined. Because §847.04 purports to prohibit activity which merits first amendment protection, it is invalid on its face.

> "The constitutional vice of so broad a provision needs no demonstration. Thornbill v. Alabama, 310 U.S. 88, 97; NAACP v. Button, 371 U.S. 415, 433, 435; Amsterdam, Note, *"The Void-For-Vagueness Doctrine in the Supreme Court"*, 109 U. Pa. L. Rev. 67, 75-81, 96-104 (1960). Cf. Smith v. California, 361 U.S. 147, 151; Baggett v. Bullitt, 377 U.S. 360, 371. It "does not provide for government by clearly defined laws, but rather for government by the moment-to-moment opinions of a policeman on his beat." Cox v. Louisiana, 379 U.S. 536, 579 (separate opinion of Mr. Justice Black). "Instinct with its ever present potential for arbitrarily suppressing First Amendment liberties, that kind of law bears the hallmark of a police state." Shuttlesworth v. Birmingham, 382 U.S. 87, at 90, 91 (1965).

The overbreadth doctrine finds its basis in the first amendment constitutional principle that "a governmental purpose to control or prevent activities constitutionally subject to state regulations may not be achieved by means which sweep unnecessarily broadly and thereby invade the area of protected freedoms." Zwickler v. Koota, 389 U.S. 241 (1967) quoting from N.A.A.C.P. v. Alabama, 377 U.S. 288 (1964).

> "The constitutional infirmity is that a resident of the community, not made sufficiently aware of what he may or may not do, is subject to criminal prosecution simply because some of his neighbors have no self-control and cannot refrain from violent reaction to conduct, language, or carriage they deem offensive." Pritikin v. Thurman, 311 F. Supp. 1400, 1402 (S.D. Fla. 1970)."

### Vagueness

"The test of a statute insofar as vagueness is concerned is whether the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding." Connally v. General Construction Company, 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926). "The constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. The underlying principle is that no man shall be held criminally responsible for conduct which he could

not reasonably understand to be proscribed." Zachary v. State, 269 So.2d 669, 670 (Fla. 1972) citing United States v. Harriss, 347 U.S. 612-617, 74 S.Ct. 808, 812, 98 L.Ed. 989-996.

The vagueness doctrine finds its basis in the due process clauses of the fifth and fourteenth amendments.

> "[A] law fails to meet the requirements of the due process clause if it is so vague and standardless that it leaves the public uncertain as to the conduct it prohibits or leaves judges and jurors free to decide, without any fixed standards, what is prohibited and what is not in each particular case." Giaccio v. Pennsylvania, 382 U.S. 399, 402-03 (1966).

The crucial terms of §847.04 — "profane, vulgar *and* indecent", do not provide the fair warning to the public that due process requires. "The terms do not sufficiently describe what is prohibited conduct and what language may not be sponken." *Pritikin v. Thurman,* supra. An example of the vagueness defect in the statute is found in the term "profane".

> "Webster defines "profane" as showing disregard or contempt for sacred things. The statement, today repeated by many that "God is dead", shows disregard for what is universally regarded as a sacred institution, i.e. religion. Yet, that utterance, violative of the [statute], is clearly within the protection of the First Amendment. Legislative infringement into this protected area is the direct product of the vague and sweeping language contained in the [statute]." *Pritikin,* id. at 1402.

> "Such vagueness is unconstitutional not only because it fails to warn a person that his behavior may be criminal, but also because it compels enforcement officers, as well, to guess at what violates the law, thus either setting the stage for arbitrary police action or, if police and prosecutors evolve their own rational standards of enforcement, constituting an inappropriate delegation of criminal lawmaking authority." Scott v. District Attorney, 309 F. Supp. 833, 836 (E. D. La. 1970).

Measured by the foregoing standards §847.04 must be declared unconstitutional for its defect of vagueness in violation of due process.

Defendant is charged with violating §843.01 in that he resisted arrest for an alleged violation of §847.04. Inasmuch as this court holds that §847.04 is unconstitutional, it follows that defendant's

arrest was unlawful and he cannot be held criminally liable for resisting an unlawful arrest. See Russo v. State, 270 So.2d 428 (Fla. 4th DCA 1972); Roberson v. State, 29 So. 535 (Fla. 1901); Waller v. City of St. Petersburg, 245 So.2d 685 (Fla. 2d DCA 1971); 3 Fla. Jur., *Arrest,* §39.

It is therefore ordered (1) The Florida profanity statute, §847.04, Florida Statutes 1971, is declared unconstitutional on its face because it violates the first, fifth and fourteenth amendments to the United States Constitution. (2) Defendant's motion to dismiss the information filed herein charging defendant with violating Fla. Stat. §847.04 (1971) and Fla. Stat. §843.01 (1971) is hereby granted and the information in this cause is hereby dismissed.