Howard LANGFORD, Plaintiff,

v.

CITY OF OMAHA, et al., Defendants.

No. CV 86–0–331.

United States District Court,
D. Nebraska.

Feb. 17, 1989.

Mary Cannon Veed, Matthews & Cannon, P.C., Omaha, Neb., for plaintiff.

James E. Fellows, Deputy City Atty., Omaha, Neb., for defendants.

MEMORANDUM OPINION and ORDER

CAMBRIDGE, District Judge.

This matter is before the Court on objections of defendant, City of Omaha (Filing No. 83), to the findings and recommendations of the magistrate (Filing No. 81). Under 28 U.S.C. § 636(b)(1)(C) and Local Rule 49(B), this Court has conducted a *de novo* review of those portions of the magistrate's findings to which objection has been made. Defendants Blair, Livingston, and Ernce had also submitted objections. However, the suit has been dismissed as to these defendants, thus, their objections are moot and will not be considered (Filing Nos. 85 and 88).

The remaining defendant in this action argues:

(1) That Omaha Municipal Code § 20–42(c) is constitutional;[1]

(2) Fair warning is provided by Omaha Municipal Code § 20–62;[2]

(3) Prosecutorial immunity bars the plaintiff's first and second claims against the City of Omaha; and

(4) The Eighth Circuit decision in *Fields v. City of Omaha*, 810 F.2d 830 (8th Cir. 1987), should be applied only prospectively.

## FACTS

The plaintiff's claims in this matter arise from a series of six arrests of the plaintiff by the Omaha Police Department. In each of these instances, the plaintiff was either charged with disorderly conduct, harassment, or loitering and prowling. In each instance, however, the ultimate result to Langford was either dismissal of the case or acquittal.

The plaintiff filed a complaint seeking recovery of monetary damages for alleged civil rights violations. The complaint states four causes of action. As stated earlier, the City is the only remaining defendant in the case. In his first cause of action, the plaintiff alleges that the City wrongfully endorsed the filing of charges against him, and denied him equal protection when the prosecutor waived a bond posting requirement for those persons who complained against him. The plaintiff also alleges that he was denied equal protection by the City's adherence to a policy which prohibited his presentment of counter charges against his accusers at the same time that charges instituted by them were pending against him.

In his second cause of action, the plaintiff alleges that the City of Omaha and the other named defendants, who have since been dismissed from the case, engaged in a conspiracy to violate his civil rights.

The third cause of action advances the contention of facial unconstitutionality of the city ordinances under which the plaintiff was charged (loitering and prowling, harassment and disorderly conduct) because of impermissible vagueness in their provisions, and because of overbreadth. The final cause of action reiterates a claim of unconstitutionality specifically as to the loitering and prowling ordinance. It is important to note here that Omaha's loitering and prowling ordinance has been declared unconstitutional by the Eighth Circuit. *See Fields v. City of Omaha, supra.* Thus, this final cause of action no longer presents an issue in this case.

In his findings and recommendations, the magistrate concluded that § 20–42(a) and (b) (of the disorderly conduct ordinance) are facially constitutional, while subsection (c) is facially unconstitutional; that § 20–62

1. Sec. 20–42 of the Omaha Municipal Code states: It shall be unlawful for any person purposely or knowingly to cause inconvenience, annoyance or alarm or create the risk thereof to any person by:
 (a) engaging in fighting, threatening or violent conduct; or
 (b) using abusive, threatening, or other fighting language or gestures; or
 (c) making unreasonable noise.

2. Sec. 20–62 of the Omaha Municipal Code states: It shall be unlawful for any person purposely or knowingly to harass another person by:
 (a) making a telephone call without the purpose of legitimate communication; or
 (b) provoking the person in a manner likely to cause a disorderly response; or
 (c) making repeated communication anonymously; or
 (d) making an obscene communication; or
 (e) engaging in any annoying conduct which fails to serve a legitimate purpose.

(harassment ordinance) is facially unconstitutional; that the City's motion for summary judgment with respect to the first and second cause of action should be denied; and that the question of prospective or retroactive application of the *Fields* decision need not be addressed.

## DISCUSSION

### A. Constitutionality of the Disorderly Conduct and Harassment Ordinances.

Both parties in this action submitted motions for summary judgment on the issue of constitutionality of §§ 20–42 and 20–62 of the Omaha Municipal Code. Plaintiff sought to have the ordinances declared facially unconstitutional on the grounds of vagueness and overbreadth, and defendant sought to have the ordinances declared facially constitutional. The magistrate recommended that subsections (a) and (b) of § 20–42 be declared facially constitutional and that subsection (c) of 20–42 be declared facially unconstitutional. The magistrate also recommended that all of § 20–62 be declared facially unconstitutional.

### 1. Disorderly Conduct

The magistrate recommended that subsections (a) and (b) of § 20–42 be declared facially constitutional on the grounds that such subsections are entitled to a "fighting words" construction. Although the plaintiff argues, in his brief in *"support"* of the magistrate's findings and recommendations, that this portion of the magistrate's decision is incorrect, the plaintiff has not filed an objection in accordance with Local Rule 49(B). In light of the limiting and narrowing construction given § 20–42 by the Nebraska Supreme Court in *State v. Groves*, 219 Neb. 382, 363 N.W.2d 507 (1985), this Court finds that there is no clear error on the face of the magistrate's recommendation that § 20–42(a) and (b) be declared facially constitutional. The recommendation is, therefore, adopted by this Court. *See* Advisory Committee Note to Fed.R.Civ.P. 72(b).

 In regard to subsection (c) of § 20–42, the magistrate stated:

... the instant ordinance, using no more than the word "unreasonable" to define what noise is prohibited and being void of indication as to whose sensitivity shall measure a violation, lacks that definiteness, both in notice of what conduct is proscribed and in establishment of guidelines for enforcement, which case precedent has firmly declared to be essential. (Citations omitted.)

*Langford v. City of Omaha*, CV 86–0–331, Magistrate's Findings and Recommendations at p. 13, Oct. 8, 1987. The magistrate, thus, recommended that subsection (c) be declared unconstitutional on its face. The defendant objects to this recommendation, arguing that the prohibition of unreasonable noise is described in words of common usage with a well-defined, well-understood, and generally accepted meaning so that men of common intelligence can understand what conduct is prohibited. The defendant also argues that the magistrate overlooked the mental element of § 20–42. The defendant argues that it is not just the making of unreasonable noise which is prohibited, rather it is the noise which is made either for the specific purpose of, or with knowledge of, disturbing others which is prohibited. The defendant asserts that since this mental element is included in the introductory language to subsection (c) of the ordinance, innocent noise making is not prohibited. Thus, the defendant claims that the ordinance is constitutional.

The defendant's argument concerning the mental element of the ordinance has some merit with respect to the doctrines of vagueness and overbreadth. To a certain extent, the inclusion of the terms "purposely" and "knowingly" limit the sweep of the ordinance. Thus, a person standing on a street corner making a speech without the purpose or knowledge of causing inconvenience, annoyance or alarm or a risk thereof, cannot be guilty of disorderly conduct, even though some persons may in fact be inconvenienced, annoyed or alarmed by the speech. In this way, the ordinance is written to protect fundamental constitutional rights such as freedom of speech under the first amendment.

However, as was stated in *Kramer v. Price*, 712 F.2d 174, 178 (5th Cir.1983), "Specifying an intent element does not

save [the state] from vagueness because the conduct which must be motivated by intent, as well as the standard by which that conduct is to be assessed, remain vague." In the example above, once the speaker is made aware of the fact that his speech is annoying to some person, and he continues with the speech (so that now the mental element is present), the ordinance may be enforced against him if the language is found to constitute "unreasonable noise." Because the term "unreasonable" is not a well-defined term, the enforcement of the ordinance in this instance may result in the violation of the speaker's fundamental first amendment right of freedom of speech. A person disagreeing with the content of the speech is likely to conclude that the speech constitutes "unreasonable" noise.

The purpose of the void for vagueness doctrine not only is the protection of fundamental constitutional rights, but also is to ensure that all persons are given adequate notice as to what conduct is made criminal, and also to ensure that there are clear guidelines to govern enforcement of the law. *See* 3 R. Rotunda, J. Nowak and J. Young, *Constitutional Law, Substance and Procedure*, § 20.9 at 34–35 (1986); *see also Kolender v. Lawson*, 461 U.S. 352, 357–358, 103 S.Ct. 1855, 1858–1859, 75 L.Ed.2d 903 (1983).

It is these purposes upon which the magistrate focused in recommending that § 20–42(c) be declared unconstitutional. The magistrate determined that the term "unreasonable" is too vague to give adequate notice of what conduct is prohibited, and is too vague to ensure against arbitrary enforcement of the ordinance. This Court agrees with the magistrate's determination. The ordinance provides no standards for determining what noise is considered "unreasonable." The term "unreasonable," is not a well-defined term, and is capable of many different interpretations as to its meaning. The fact that the term is likely to be interpreted differently among the various officials enforcing the ordinance is especially troublesome.

Federal courts have held similar statutes or ordinances unconstitutional. In *Pritikin v. Thurman*, 311 F.Supp. 1400, 1402,

(S.D.Fla.1970), the Court considered the constitutionality of a North Miami, Florida, disorderly conduct ordinance. The ordinance prohibited (among other conduct) the willful disturbance of the peace of others by making "loud or unusual noise." *Id.* at 1401. The Court found that the terms "loud noise" and "unusual noise" did not sufficiently describe what conduct was prohibited. *Id.* at 1402. The ordinance was declared unconstitutional. *Id.* at 1403. Likewise, in *Original Fayette County Civic & Welfare League v. Ellington*, 309 F.Supp. 89, 92 (W.D.Tenn.1970), the Court declared unconstitutional a Tennessee disorderly conduct statute which made it a crime "to make or to countenance or assist in making any *improper noise*, disturbance, breach of the peace, or diversion, or to conduct oneself in a disorderly manner, in any place to the annoyance of other persons." (emphasis added). The Court found that the statute did not provide fair warning to the public and certainty of interpretation by courts and juries. *Id.*

Just as the terms "loud," "unusual," and "improper" were found constitutionally deficient in the above-cited cases in describing what kind of noise making will result in an arrest for disorderly conduct, so to is the term "unreasonable." Thus, this Court concludes that Omaha Municipal Code § 20–42(c) is unconstitutional on its face.

## 2. Harrassment

The same standards applied in the Omaha disorderly conduct ordinance for determining its constitutionality in face of the vagueness and overbreadth attacks also apply to the Omaha harassment ordinance.

The magistrate recommended that Omaha Municipal Code § 20–62, the harassment ordinance, be declared facially unconstitutional in its entirety. In applying the above-mentioned standards, however, this Court finds that § 20–62(a)(b)(d) & (e) are facially unconstitutional, but § 20–62(c) is facially constitutional. Because each of the subsections of the ordinance are severable, subsection (c) may be upheld even though the others are struck down.

**1464**

■ Section 20–62(c) states that, "It shall be unlawful for any person purposely or knowingly to harass another person by making repeated communication anonymously." All of these terms are sufficiently defined and give notice as to what conduct is prohibited. The terms "repeated" and "anonymously" cannot be said to be capable of different meanings among either those who are potential violators of the ordinance or those who enforce the ordinance. Any person who communicates with another person more than once and does not disclose his or her identity may be guilty under the ordinance if the communicator communicates with the specific purpose or knowledge of harassing the other person.

■ However, subsections (a), (b), (d), and (e) of the ordinance contain terms which are not sufficiently defined, and which do not give adequate notice as to what conduct is prohibited. The ordinance does not indicate what is "legitimate" or "obscene" communication. What appears legitimate or obscene to one person may not be legitimate or obscene to another. Additionally, the ordinance does not indicate whose sensitivity shall measure the likelihood of provoking a "disorderly response" or whose sensitivity will measure "annoying" conduct.

A Texas harassment statute containing some language similar to the Omaha ordinance was struck down as being unconstitutional on its face for vagueness in *Kramer v. Price, supra* at 176.[3] The Court was concerned with the inherent vagueness in the use of the terms "annoy" and "alarm," and was also concerned with the failure to specify in the statute whose sensitivities would measure a violation. The Court concluded that the statute failed to "provide reasonably clear guidelines [and gave] officials unbounded discretion to apply the law selectively [and subjected] the exercise of the right to speech to an unascertainable standard." *Id.* at 178. Likewise, the Court concludes that § 20–62(a)(b)(d) and (e) fail

to provide reasonably clear guidelines, give officials unbounded discretion to apply the law selectively, and subject the exercise of the right to speech to an unascertainable standard. Such provisions are, thus, unconstitutional on the grounds of vagueness.

### B. The Fields Decision.

■ Besides the disorderly conduct and harassment ordinances, the plaintiff was also arrested under the City of Omaha's loitering and prowling ordinance. This loitering and prowling ordinance was later determined to be unconstitutional. *Fields v. City of Omaha, supra.* The defendant argues that the *Fields* decision should be applied only prospectively, however, so that the city is not liable in compensatory damages for prosecuting the plaintiff under the ordinance in this case. The magistrate found that the question of prospective application of the *Fields* decision would be moot if this court adopted the finding that plaintiff was arrested under other ordinances which were not constitutionally defective. This Court adopts the magistrate's conclusions on mootness, and since the plaintiff was in fact arrested under portions of the Omaha disorderly conduct ordinance which this Court has determined to be constitutionally valid, the Court finds that the issue of prospective or retroactive application of the *Fields* decision need not be addressed. The arrests of the plaintiff for disorderly conduct were not constitutionally defective, and the plaintiff cannot claim damages simply because he was also charged with violations of another constitutionally invalid ordinance.

### C. Attacks by City on the First and Second Causes of Action.

■ In the second cause of action, the plaintiff alleges that the City and the other defendants conspired to deprive him of his civil rights. This Court concludes that the City's motion for summary judgment with respect to the second cause of action

---

**3.** The Texas Harassment Statute, Tex.Penal Code Ann. § 42.07 provides:

(a) A person commits an offense if he intentionally:

(1) communicates by telephone or in writing in vulgar, profane, obscene, or indecent language or in a coarse and offensive manner and by this action intentionally, knowingly, or recklessly annoys or alarms the recipient; ...

should be granted because the other defendants alleged to have been involved in the conspiracy have had this suit against them dismissed. The City could not have conspired with itself. *Roybal v. City of Albuquerque,* 653 F.Supp. 102, 107 (D.N.M. 1986).

■ The final question to be addressed is whether the defendant is entitled to summary judgment with respect to the first cause of action on the grounds of prosecutorial immunity. The defendant claims that it is absolutely immune from the suit which charges it with wrongful filing of charges against the plaintiff. In the first cause of action at subsection (a) of paragraph five, the plaintiff appears to allege the wrongful filing of charges on the part of the city. However, the issue of prosecutorial immunity is irrelevant to this charge. The plaintiff has not alleged in subsection (a) that a constitutional violation arose from the execution of an established policy of the city. Such an allegation is essential to stating a claim against a municipality under 42 U.S.C. § 1983. Thus, summary judgment against the plaintiff should be entered on this issue.

Likewise, in subsection (b) of paragraph five, the plaintiff has failed to allege that a constitutional violation arose from the execution of an established policy of the city. Summary judgment should be entered in favor of the defendant on this issue also.

Finally, in subsection (c), the plaintiff alleges that he attempted to halt a "campaign of harassment" against him by filing charges against the individual who filed a complaint against him, but that when he did so, the city refused to accept the filing of the plaintiff's charges against the individual. The plaintiff also alleges here that the city "cited" a city policy prohibiting countercharges as the reason for the refusal to accept the filing of plaintiff's charges. The plaintiff concludes that as a result of such refusal he was denied equal protection. Again, however, the plaintiff has not alleged the existence of a custom or policy of the city regarding refusal to accept countercharges. The plaintiff in his complaint states that the city "cited" such policy. The plaintiff does not allege in his complaint that such a policy exists, nor does the plaintiff allege facts indicating that such a policy exists. The court therefore concludes that summary judgment should be entered in favor of the defendant on this issue.

## CONCLUSION

IT IS ORDERED THAT:

(1) Plaintiff's motion for summary judgment (Filing No. 68), insofar as it moves the Court to declare Omaha Municipal Code §§ 20–42 and 20–62 facially unconstitutional, is granted in part. Section 20–42(c) and § 20–62(a)(b)(d) and (e) are declared facially unconstitutional. Section 20–42(a) and (b), and § 20–62(c) are declared facially constitutional.

(2) Defendant's motion for summary judgment (Filing No. 67) with respect to the first and second causes of action is granted; and

(3) Defendant's motion for summary judgment (Filing No. 74), insofar as it moves the Court to declare § 20–42 and § 20–62 facially constitutional is granted in part. Section 20–42(a) and (b) and § 20–62(c) are declared facially constitutional. Section 20–42(c) and 20–62(a)(b)(d) and (e) are declared facially unconstitutional.