BARKDULL, Chief Judge.
The appellee, Emanuel Selkowitz, was charged with violating a municipal ordinance of the City of Miami, which read as follows:
“ * * * standing, loitering, or strolling about in any place in the city, and not being able to give a satisfactory account of himself * *
He was subsequently convicted and’ sentenced for the violation thereof. He then filed a petition for writ of habeas corpus, contending that the ordinance in question was unconstitutional, as being too vague and indefinite, and failing to apprise an ordinary citizen of its effect. The matter came on to be determined by the trial court, who found that the 'ordinance was in fact too broad, vagufe and indefinite; .issued the writ of habeas corpus arid quashed the -conviction and sentence. . .
This action is now brought on for review, and the sole point preserved is the finding by the trial court that the ordinance was too vague and indefinite. We affirm. The ordinance in question fails to define the area involved within the municipality; fails to define or limit the time of day it is applicable and, by its broad terms, subjects any citizen [who may be engaged in lawful pursuits] to possible arrest merely because he cannot give what is a “satisfactory account”.
Therefore, we affirm the action of the trial court in the issuance of the writ of habeas corpus, in accordance with the views expressed in McCall v. State, 156 Fla. 437, 23 So.2d 492; Locklin v. Pridgeon, 158 Fla. 737, 30 So.2d 102.
Affirmed.