171 So.2d 368 (1965)
Walter C. HEADLEY, Chief of Police, City of Miami, Petitioner,
v.
Emanuel SELKOWITZ, Respondent.
No. 33480.
Supreme Court of Florida.
January 20, 1965.
Rehearing Denied February 26, 1965.
*369 John R. Barrett and S.R. Sterbenz, Miami, for petitioner.
Ephraim Collins, Miami Beach, for respondent.
ERVIN, Justice.
This case is before us upon petition for a writ of certiorari and has been argued upon the questions of jurisdiction and merits.
In this case, the Circuit Court of Dade County in a habeas corpus proceeding held Section 43-10.5 of the City Code of the City of Miami invalid. Said provision reads as follows:
"Section 43-10. Disorderly conduct generally. Any person in the City shall be deemed guilty of disorderly conduct who:
* * * * * *
(5) Is found standing, loitering or strolling about in any place in the City and not being able to give a satisfactory account of himself, or who is without any lawful means of support."
The District Court of Appeal affirmed. See Walter C. Headley v. State ex rel. Selkowitz, Fla.App., 163 So.2d 13. It said:
"* * * The ordinance in question fails to define the area involved within the municipality; fails to define or limit the time of day it is applicable and, by its broad terms, subjects any citizen (who may be engaged in lawful pursuits) to possible arrest merely because he cannot give what is a `satisfactory account'.
"Therefore, we affirm the action of the trial court in the issuance of the writ of habeas corpus, in accordance with the views expressed in McCall v. State, 156 Fla. 437, 23 So.2d 492; Locklin v. Pridgeon, 158 Fla. 737, 30 So.2d 102."
It is obvious to us that the decision under review of the District Court of Appeal, Third District, conflicts with language appearing in State ex rel. Green v. Capehart (1939), 138 Fla. 492, 189 So. 708, and City of St. Petersburg v. Calbeck (Fla.App.2d 1959) 114 So.2d 316, sufficient to invoke our certiorari jurisdiction.
In State ex rel. Green v. Capehart, supra, an ordinance of the City of Hollywood, Florida, defining "disorderly person" and "disorderly conduct" provided, inter alia,
"* * * all persons found loitering about any hotel, block, barroom, dramshop, gambling house or disorderly house, or wandering about the streets either by night or by day without any known lawful means of support, or without being able to give a satisfactory account of themselves * * * shall be deemed guilty of disorderly conduct."
In the Capehart case, three persons were charged in an affidavit with violation of said ordinance, in that they were
"* * * `known by the deponent to be persons with criminal records, loitering together back and forth between premises 1923 and 1945 Hollywood Boulevard, same being a public thoroughfare in the City of Hollywood, going in and out of crowds and acting in a suspicious manner, during which time a large gathering of people were assembled at an annual "Fiesta" all in violation of Ordinance No. 320, Section 2, City of Hollywood. The deponent states that the presence of the defendants in the City of Hollywood, County of Broward, State of Florida, are contrary to the laws in such cases made and provided, and *370 against the peace and dignity of the City of Hollywood.'"
In reviewing a decision below in habeas corpus adverse to the defendants, this Court, in the Capehart case, upheld the City of Hollywood ordinance, saying:
"We think the Ordinance is valid and that the charges embraced in the affidavits are sufficient to withstand an attack by habeas corpus proceedings."
In City of St. Petersburg v. Calbeck, supra, the respondents were convicted in the Municipal Court of St. Petersburg on the charge that they:
"Did unlawfully commit disorderly conduct, in that he (she) did engage in a fight, quarrel or other disturbance in the City."
In that case, the District Court of Appeal, Second District, said:
"An ordinance similar to the ordinance in the instant case was declared valid by the Supreme Court in State ex rel. Green v. Capehart, 138 Fla. 492, 189 So. 708, 709. The respondent's ordinance is actually an abbreviated form of the ordinance involved in the Capehart case * * *."
From the language of the two decisions, there appears to exist a conflict with the instant case which should be reconciled and resolved by this Court.
We agree with the District Court of Appeal, Third District, that the quoted provision from the City of Miami Code is invalid on its face for the reasons assigned by the District Court of Appeal. The ordinance provision because of its broad language is too vague to withstand constitutional tests. It appears to us not to measure up to the standards referred to in the text from which Headnotes 3 and 4 are drawn in City of St. Petersburg v. Calbeck.
It differs from language long ago congealed into our statute law which was drawn from the common law defining vagrants and denouncing vagrancy. When compared and contrasted with our state statute (F.S. Section 856.02, F.S.A.) defining vagrants, the excessive broadness and vagueness of the Miami ordinance becomes readily apparent. Cf. F.S. Section 856.02, F.S.A., which provides, inter alia, that:
"[P]ersons who neglect their calling or employment, or are without reasonably continuous employment or regular income and who have not sufficient property to sustain them * * * persons wandering or strolling around from place to place without any lawful purpose or object, habitual loafers * * * and all able bodied male persons over the age of eighteen years who are without means of support and remain in idleness, shall be deemed vagrants."
Statutes and ordinances containing language of similar import to that quoted from Section 856.02 have usually been upheld. See 55 Am.Jur. (Vagrancy) pages 447 to 450, inclusive. Also see 17 Am.Jur. (Disorderly Conduct) pages 189 and 190.
Such statutes and ordinances should be applied cautiously and sparingly and only in the most obvious and aggravated cases. Persons should not be charged with vagrancy unless it is clear they are vagrants of their own volition and choice. Innocent victims of misfortune ostensibly appearing to be vagrants, but who are not such either by choice or intentional conduct should not be charged with vagrancy. See 55 Am.Jur. (Vagrancy), Sections 4, 5, 6 and 7.
We recede from State ex rel. Green v. Capehart, supra, to the extent only that it conflicts with our opinion and judgment herein.
The writ of certiorari heretofore issued is discharged and the petition is dismissed.
DREW, C.J., and THORNAL, O'CONNELL and CALDWELL, JJ., concur.