202 So.2d 852 (1967)
Harvey JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 35705.
Supreme Court of Florida.
October 4, 1967.
Robert L. Koeppel, Public Defender, and Phillip A. Hubbart, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., Barry N. Semet, and Arden M. Siegendorf, Asst. Attys. Gen., for appellee.
PER CURIAM.
This cause is before us on appeal from the Criminal Court of Record, Dade County.
Appellant was charged with violation of F.S. § 856.02, F.S.A., the Vagrancy Statute. His motion to quash, attacking the constitutionality of the Statute, was denied by the trial court; he was convicted, sentence was withheld and he was placed on probation for one year.
We have considered the briefs, arguments and authorities cited and conclude the trial court correctly held Florida Statute, § 856.02, F.S.A. to be constitutional, see Headley v. Selkowitz, 171 So.2d 368, 12 A.L.R.3d 1443 (1965); City of St. Petersburg v. Calbeck, 114 So.2d 316 (Fla.App.2d 1959); State ex rel. Green v. Capehart, 138 Fla. 492, 189 So. 708 (1939). Appellant's conviction must be upheld, Rinehart v. State, 114 So.2d 487 (Fla.App.2d 1959), certiorari dismissed 121 So.2d 654 (1960), certiorari denied 365 U.S. 849, 81 S.Ct. 812, 5 L.Ed.2d 813 (1961); Sutherland v. State, 167 So.2d 236 (Fla.App.2d 1964), certiorari denied 173 So.2d 148 (1965).
Accordingly, the judgment appealed from is affirmed.
It is so Ordered.
CALDWELL, C.J., and THOMAS, ROBERTS, DREW, THORNAL and O'CONNELL, JJ., concur.
ERVIN, J., concurring in part and dissenting in part.
ERVIN, Justice (agreeing in part and dissenting in part):
Our jurisdiction of this appeal is invoked because the Criminal Court of Record of *853 Dade County, Florida, passed upon and upheld the constitutionality of F.S. Section 856.02, F.S.A., the state vagrancy statute.
Appellant Johnson was arrested at approximately 4:30 A.M. on March 20, 1966 by two officers of the Dade County Sheriff's Department on routine patrol. The officers observed Appellant and a male companion sitting on a bus stop bench which is located at the intersection of Bird Road and Southwest 99th Avenue in the Greater Miami area of Dade County. The bus stop bench is in a residential and business area with a 7-11 Store, a U-Totem Store, two gas stations and several independent businesses in the vicinity. There was a taxicab stand approximately 1200 feet from the bus stop bench on the north side of Bird Road. There were no street lights near the bus bench. The officers stopped their patrol car and conversed with Appellant. One of the officers, Officer Havens, asked Appellant if he could be of any assistance and why he was there at that time of night. The Appellant replied he was waiting for a bus. Officer Havens told him that buses on Bird Road quit running at 11:00 P.M. and the earliest bus in the morning was 7:00 A.M. Officer Haven then asked the Appellant where he had been. The Appellant stated that he had seen a movie that night at the Concord Theater about two miles away and had gotten out at 10:30 or 10:45 P.M. From there he said he and his companion went to his girl friend's house which was located near the theater. He stated that his girl friend's name was Joyce but he could not recall her last name. He said that after leaving his girl friend's house, he had waited for a bus to come for two or three hours and had then called a cab. Officer Havens then asked the Appellant if he had enough money to pay for a cab and the defendant stated that he had about seventy or eighty cents in his pocket. Officer Havens replied that this wasn't enough money to pay for the fare to the Appellant's home. The Appellant gave the officers his identification. The Appellant admitted that he was on probation for breaking and entering and had a 10:00 P.M. curfew. Officer Havens then testified: "At that time, because the Defendant could not account for his whereabouts from eleven o'clock until 4:30 in the morning, I arrested the Defendant for vagrancy by wandering."
The Appellant, as defendant in the Criminal Court of Record for Dade County, was charged in an information which stated:
"* * * Harvey * * * Johnson * * * was then and there a vagrant by being a person wandering and strolling around from place to place without any lawful purpose or object, in violation of 856.02 Florida Statutes. * * *"
On April 19, 1966 the Public Defender for Dade County, Florida was appointed to represent the Appellant, and on that date Appellant entered a plea of not guilty. The Appellant was tried by the court on April 26, 1966, having waived trial by jury, and was found guilty as charged. The court adjudged him guilty and placed him on probation for one year.
In a motion to quash and in a motion for new trial Appellant (defendant) attacked the constitutionality of F.S. Section 856.02, F.S.A. which section reads as follows:
"856.02 Vagrants.  Rogues and vagabonds, idle or dissolute persons who go about begging, common gamblers, persons who use juggling, or unlawful games or plays, common pipers and fiddlers, common drunkards, common night walkers, thieves, pilferers, traders in stolen property, lewd, wanton and lascivious persons, keepers of gambling places, common railers and brawlers, persons who neglect their calling or employment, or are without reasonably continuous employment or regular income and who have not sufficient property to sustain them, and misspend what they earn without providing for themselves or the support of their families, persons wandering or strolling around from place to place without any lawful purpose or object, habitual loafers, idle and disorderly persons, persons neglecting *854 all lawful business and habitually spending their time by frequenting houses of ill fame, gaming houses or tippling shops, persons able to work but habitually living upon the earnings of their wives or minor children, and all able bodied male persons over the age of eighteen years who are without means of support and remain in idleness, shall be deemed vagrants, and upon conviction shall be subject to the penalty provided in § 856.03."
The trial judge denied the two motions and in each instance upheld the constitutionality of Section 856.02.
I conclude from a study of pertinent authorities that the constitutionality of Section 856.02 should be upheld. See Headley v. Selkowitz (Fla.), 171 So.2d 368, 12 A.L.R.3d 1443; State v. McCorvey, 262 Minn. 361, 114 N.W.2d 703; Hicks v. District of Columbia, D.C.App., 197 A.2d 154; McNeilly v. State, 119 N.J.L. 237, 195 A. 725; Fenster v. Criminal Court of the City of New York, 46 Misc.2d 179, 259 N.Y.S.2d 67; People v. Bruno, 211 Cal. App.2d Supp. 855, 27 Cal. Rptr. 458; In re Cregler, 56 Cal.2d 308, 14 Cal. Rptr. 289, 363 P.2d 305; Dominguez v. City & County of Denver, 147 Colo. 233, 363 P.2d 661; State v. Finrow, 66 Wash.2d 818, 405 P.2d 600; Fonte v. State, 213 Tenn. 204, 373 S.W.2d 445. See also 91 C.J.S. Vagrancy § 2(c): 12 A.L.R.3d 1443, at 1453.
In 55 Am.Jur. Vagrancy § 4, on page 447 the text states:
"* * * Vagrancy laws are generally looked upon as regulatory measures to prevent crime rather than as ordinary criminal laws which prohibit and punish crime. A statute defining as a vagrant a person who roams about from place to place without lawful business has been sustained against the claim of being too broad and indefinite to state a public offense, and a statute characterizing as a vagrant one who has no visible income lawfully acquired and who consorts with idlers, gamblers, bootleggers, prostitutes, or narcotic users or vendors has been held not to be void for indefiniteness because it does not define the terms `visible income,' `idlers,' `gamblers,' and `consort' * * *"
Again from 55 Am.Jur. Vagrancy § 7, on page 449, we quote:
"Among those commonly classed as vagrants either by the express provision of statutes or ordinances, or by the judicial interpretation thereof, are all able-bodied persons who, not having visible means to maintain themselves, live idly without employment or are found loitering or rambling or wandering about. * * *
In Headley v. Selkowitz, supra, we stated:
"* * * Persons should not be charged, with vagrancy unless it is clear they are vagrants of their own volition and choice. Innocent victims of misfortune ostensibly appearing to be vagrants, but who are not such either by choice or intentional conduct should not be charged with vagrancy. * * *" (at 370)
In Headley v. Selkowitz, supra, we also held that an ordinance is unconstitutionally vague which provides that a person loitering or strolling about in any place in a city and not being able to give a satisfactory account of himself is guilty of disorderly conduct. We compared the ordinance with provisions of Section 856.02, which provisions do not make loitering or strolling in any place and inability of the loiterer to give a satisfactory account of himself the tests for vagrancy.
Our statute, which was derived from early English law, refers to two main categories of vagrants, viz., (1) able bodied beggars, common gamblers, drunkards, railers and brawlers, thieves, pilferers, traders in stolen property, lewd persons and keepers of gambling places, who are denounced as such regardless of their financial status, and (2) able bodied persons who are habitual idlers, loafers, "hoboes", who neglect their lawful business, if any, stroll and wander from place to place without lawful purpose *855 or object and who are without means of support or reasonably continuous employment or regular income. Appellant was informed against as being in the latter category.
While the statute because of its historical derivation employs archaic language in its descriptions of vagrants, it is nevertheless not so vague as to cause men of common intelligence to guess at its meaning. Moreover, the types of persons described as vagrants in the statute, with the exception of some who no longer exist in our times, are commonly recognized by the public as such. The statute meets the tests of certainty which are outlined in State ex rel. Lee v. Buchanan (Fla.), 191 So.2d 33; Carter v. State (Fla.), 155 So.2d 787, and Tracey v. State (Fla.), 130 So.2d 605. In McArthur v. State (Fla.), 191 So.2d 429, we quoted with approval: "`"Impossible standards are not required * * *"'"; and, "`When a legislative act has as its purpose the prohibition of an undesirable form of conduct rather than a specific act, the definition by its very nature must be broad.'" (at 430)
From the authorities cited our statute appears to be of the genre of vagrancy laws which have long been upheld as necessary regulations to deter vagabondage and prevent crimes and the imposition upon society of able bodied irresponsibles who of their own volition become burdens upon others and particularly on their families for support.
The statute does not purport to make it an offense for a person merely to stroll or loiter about without being able to explain to the satisfaction of arresting or prosecuting officers or a judge or jury why he was strolling or loitering. It is constitutionally impermissible to base one of the principal standards of a vagrancy statute upon whether an accused can give an account of his loitering or strolling from place to place which will satisfy prosecuting officers or a judge or jury. See Headley v. Selkowitz, supra, and 12 A.L.R.3d 1443, at 1453. We do not equate the language of the statute, "without any lawful purpose or object," to mean the same as "not being able to give a satisfactory account of himself."
Although a statute may be constitutional on its face, an unconstitutional application of it will be stricken. See Dutton Phosphate Co. v. Priest, 67 Fla. 370, 65 So. 282, and Ex parte Wise, 141 Fla. 222, 192 So. 872. It appears to us that in this particular case the statute was unconstitutionally applied.
Section 856.02, taken as a whole, does not appear to denounce the mere wandering around of persons from place to place who have means of support.
There was nothing in the evidence produced at the trial to show the Appellant was without overall means of support  that he had no regular income or job. The fact that he had only some eighty cents on his person at the time of arrest was not conclusive of Appellant's lack of means within the contemplation of the statute, although further investigation might have determined such to be the case. The fact that it was proved he wandered around only during the one night mentioned in the testimony was insufficient to establish him to be a habitual loafer or wanderer or stroller from place to place as a matter of sufficient continuous conduct to bring him within the contemplation of the statute. The fact the Appellant could not account to the satisfaction of the arresting officer for his whereabouts over a period of nearly six hours did not bring his conduct within the statute when considered in connection with the other circumstances.
I would affirm in part and reverse in part. The statute is constitutional on its face but its application in this case is not.