236 So.2d 141 (1970)
Hugh BROWN, Jimmy Lee Smith, Henry Edward Heath, Margaret Papachristou, Betty Jean Calloway, Eugene E. Melton, Leonard Johnson and Thomas Campbell, Petitioners,
v.
CITY OF JACKSONVILLE, Respondent.
No. M-488.
District Court of Appeal of Florida, First District.
June 9, 1970.
Datz & Jacobson, Jacksonville, for petitioners.
William L. Durden, Special Counsel, and David U. Tumin, Asst. Counsel, for respondent.
RAWLS, Judge.
By petition for writ of certiorari, eight petitioners seek review of an order of the Circuit Judge affirming their convictions in the Jacksonville Municipal Court for violation of the vagrancy ordinance, to wit:
Sec. 26-57. Vagrants.
"Rogues and vagabonds, or dissolute persons who go about begging, common gamblers, persons who use juggling or unlawful games or plays, common drunkards, common night walkers, thieves, pilferers or pick-pockets, traders in stolen property, lewd, wanton and lascivious persons, keepers of gambling places, common *142 railers and brawlers, persons wandering or strolling around from place to place without any lawful purpose or object, habitual loafers, disorderly persons, persons neglecting all lawful business and habitually spending their time by frequenting houses of ill fame, gaming houses or places where alcoholic beverages are sold or served, persons able to work but habitually living upon the earnings of their wives or minor children, shall be deemed vagrants and, upon conviction in the Municipal Court shall be punished as provided for class D offenses." (Code 1942, ch. 33, § 42; Code 1953, § 27-48).
The several appeals were consolidated in the Circuit Court where the constitutionality of the ordinance was the only issue for the eight petitioners, except that Petitioner Brown also raised the issue as to whether he had a right to resist arrest. The Circuit Judge found the ordinance constitutional, relying upon Johnson v. State, 202 So.2d 852 (Fla. 1967), and affirmed the convictions.
Petitioners' contention is based primarily upon Lazarus v. Faircloth, 301 F. Supp. 266 (S.D.Fla. 1969). They contend that this federal decision has in effect overruled the Florida Supreme Court's decision in Johnson v. State, supra, which upheld the constitutionality of Section 856.02, Florida Statutes, since the subject ordinance is in all material respects identical in verbiage to the statute. A decision of a Federal District Court, while persuasive if well reasoned, is not by any means binding on the courts of a state. The Supreme Court of Florida is the apex of the judicial system of the State of Florida, and its decisions are binding upon this court.
As to Brown's contention that no criminal offense is committed in resisting an unlawful and unconstitutional arrest, our conclusion as to the validity of the ordinance disposes of that contention.
Further, as ably argued by the City, final appellate jurisdiction of all cases arising in municipal courts is vested in the Circuit Court pursuant to provisions of Article V, Section 6(3), Constitution of the State of Florida, F.S.A. This Court in State v. Smith, 118 So.2d 792, 795 (Fla. App. 1st 1960), held:
"As to those cases where the Constitution affords final appellate jurisdiction in the circuit courts, certiorari may not be used in this court for the purpose of securing a second appeal, nor to produce the merits for review on appeal. The writ may not be used to review and affirm or reverse the judgment of a circuit court made in the exercise of its final appellate jurisdiction, but requires that the judgment be either quashed, or the writ of certiorari dismissed."
Petitioners are obviously attempting to secure a second appeal by means of common law writ of certiorari to review the judgment of the Circuit Court which exercised its final appellate jurisdiction. The writ will issue only where the inferior court has exceeded its jurisdiction or has not proceeded according to the essential requirements of the law. The Circuit Court sitting as an appellate court did not exceed its jurisdiction and did not depart from the essential requirements of the law, but, on the contrary, properly followed the decision of the highest appellate court of this State, Johnson v. State, supra.
The petition for writ of certiorari is dismissed.
JOHNSON, C.J., and SPECTOR, J., concur.