332 So.2d 333 (1976)
STATE of Florida, Appellant,
v.
Michael Patrick DWYER, Appellee.
No. 48167.
Supreme Court of Florida.
May 5, 1976.
*334 Robert L. Shevin, Atty. Gen., and Mary Jo M. Gallay, Asst. Atty. Gen., for appellant.
Kenton H. Haymans and Robert G. Jacobson, of Farr, Farr, Haymans, Moseley & Odom, Punta Gorda, for appellee.
BOYD, Justice.
This is an appeal by the State of Florida seeking reversal of a decision of the Circuit Court dismissing charges against Appellee for violating Section 843.01[1] of the Florida Statutes prohibiting resisting arrest with violence in connection with his arrest for violating Florida's disorderly conduct statute 877.03.[2] We have jurisdiction.[3]
The trial court granted Appellants motion to dismiss, stating:
"... this court finds that under the law of the land by which this court is bound, said Florida Statute 877.03 is unconstitutional and in violation of the Constitution of the United States and the arrest thereunder was without authority, it is thereupon ordered and adjudged that the information filed herein and the same is hereby dismissed."
It was the reasoning of the lower court that, even though this Court in Bradshaw v. State, 286 So.2d 4 (Fla. 1973), had held the statute in question valid, a decision by the United States Fifth Circuit Court of Appeals, Wiegand v. Seaver, 504 F.2d 303 (5th Cir.1974), holding the statute in question invalid would control the issue as far as the Court was concerned.
Appellee argues that since the United States Supreme Court held unconstitutional a Gerogia statute prohibiting profane language in Gooding v. Wilson, 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 and the Fifth Circuit in Wiegand, supra, relied upon Gooding, supra, to hold Section 877.03, Florida Statutes, unconstitutional that all Florida courts are bound to consider Florida's disorderly conduct statute unconstitutional. Although Justice Boyd and Justice Ervin dissented to the majority opinions in Gonzales v. City of Belle Glade, 287 So.2d 669, Fla., and Bradshaw, *335 supra, the Florida Supreme Court held said disorderly conduct statute constitutional. Up to this time the statute has not been held unconstitutional by the United States Supreme Court and this Court's holding that the statute is constitutional is the present prevailing law of Florida.
Even though lower federal court rulings may be in some instances persuasive, such rulings are not binding on state courts. In Brown v. Jacksonville, 236 So.2d 141 (1st D.C.A.Fla. 1970), the constitutionality of the vagrancy ordinance was at issue, and the Circuit Court exercising its appellate jurisdiction over a municipal court ruling stated:
"A decision of a Federal District Court, while persuasive if well reasoned, is not by any means binding on the courts of the state. The Supreme Court of Florida is the apex of the judicial system of the State of Florida, and its decisions are binding upon this court."
Stare decisis is a fundamental principle of Florida law. It played an important part in the development of English common law and its importance has not diminished today. Where an issue has been decided in the Supreme Court of the state, the lower courts are bound to adhere to the Court's ruling when considering similar issues, even though the court might believe that the law should be otherwise. In the case of Hoffman v. Jones, 280 So.2d 431 (Fla. 1973), this Court set forth the principle that:
"... a District Court of Appeal does not have the authority to overrule a decision of the Supreme Court of Florida. In the event of a conflict between the decision of a District Court of Appeal and this Court, the decision of this Court shall prevail until overruled by a subsequent decision of this Court."
Following Hoffman, supra, this principle was extended to the trial court level in State v. Lott, 286 So.2d 565 (Fla. 1973). The Court said:
"The trial court is bound by the decisions of this Court just as the District Courts of Appeal follow controlling precedents set by the Florida Supreme Court."
The principle was recognized by the Second District Court of Appeal in Hill v. State, 302 So.2d 785 (2nd D.C.A. 1974).
"... whether we agree with the decision of the Supreme Court ... we must follow it. To quote our erstwhile brother, Judge Mann, in Johnson v. Johnson, Fla.App. [2nd Dist.] 1973, 284 So.2d 231, we receive the interpretation of the law `from our Supreme Court, agreeing with some, disagreeing with some, following all... .'"
Therefore, in the case sub judice the rule of stare decisis dictates that the lower court should have followed the ruling of the Supreme Court of Florida in Bradshaw, supra, where Florida Statute 877.03, was held to be constitutional.
In any event, the constitutional objection raised against Florida Statute, Section 877.03 by Wiegand, supra, has been cured. Wiegand, noting that this Court had not made a narrowing construction of the statute to exclude from its operation speech protected by the First Amendment, found the statute to be facially overbroad and held it unconstitutional. We have recently made the necessary construction. White v. State, 330 So.2d 3, Fla., 1976.
Accordingly, the decision of the Circuit Court of Charlotte County under review is reversed and the cause is remanded for further proceedings not in conflict with this opinion.
It is so ordered.
OVERTON, C.J., and ROBERTS, ADKINS and SUNDBERG, JJ., concur.
ENGLAND and HATCHETT, JJ., concur with result only.
NOTES
[1] 843.01 Resisting officer with violence to his person. Whoever knowingly and willfully resists, obstructs or opposes any sheriff, deputy sheriff, officer of the Florida highway patrol, municipal police officer, beverage enforcement agent, officer of the game and fresh water fish commission, officer of the department of natural resources, any member of the Florida parole and probation commission or any administrative aide or supervisor employed by said commission, any county probation officer or any personnel or representative of the department of [criminal] law enforcement or other person legally authorized to execute process, in the execution of legal process or in the lawful execution of any legal duty, by offering or doing violence to the person of such officer or legally authorized person, shall be guilty of a felony of the third degree, punishable as provided in § 775.082, § 775.083, or § 775.084.
[2] 877.03 Breach of the peace; disorderly conduct. Whoever commits such acts as are of a nature to corrupt the public morals, or outrage the sense of public decency, or affect the peace and quiet of persons who may witness them, or engages in brawling or fighting, or engages in such conduct as to constitute a breach of the peace or disorderly conduct, shall be guilty of a misdemeanor of the second degree, punishable as provided in § 775.082 or § 775.083.
[3] Article V, Section 3(b)(1), Florida Constitution.