674 So.2d 836 (1996)
Laura DeWALD, John Fillyaw, and Richard Domroski, Appellants,
v.
T.A. WYNER, Appellee.
No. 94-1712.
District Court of Appeal of Florida, Fourth District.
May 15, 1996.
Rehearing and Rehearing Denied July 2, 1996.
*837 Robert A. Butterworth, Attorney General, Tallahassee, and Arthur C. Wallberg, Assistant Attorney General, Tallahassee, for appellants.
James K. Green of James K. Green, P.A., West Palm Beach, and Michael Masinter, Fort Lauderdale, for appellee.
Rehearing and Rehearing En Banc Denied July 2, 1996.
FARMER, Judge.
The county court for Palm Beach County has determined that section 877.03, Florida Statutes (1993), is unconstitutional in light of Wiegand v. Seaver, 504 F.2d 303 (5th Cir.1974), appeal dismissed, 421 U.S. 924, 95 S.Ct. 1650, 44 L.Ed.2d 83 (1975), and that the Florida Supreme Court's later decision in State v. Dwyer, 332 So.2d 333 (Fla.1976), does not authorize a contrary conclusion. This court has jurisdiction of the appeal from the final judgment under section 26.012(1), Florida Statutes (1993) (appellate jurisdiction of circuit court does not include appeals from county court orders declaring invalid a state statute), and Florida Rule of Appellate Procedure 9.030(b)(1)(A) (district court has jurisdiction to review final orders of trial courts *838 not directly reviewable by circuit court). We reverse.
The county court action arose from an attempt by plaintiff to engage in nude sunbathing at a beach under the control of the Florida Department of Environmental Protection.[1] The event was planned by plaintiff to test her claimed constitutional right to do so, and was preceded by notice to the defendant Fillyaw, who is the manager of the state park where the beach in question is located. Upon instructions from his supervisor, defendant Domroski, he had earlier advised plaintiff that nude sunbathing on the beach was not permitted.
Plaintiff turned up on the appointed day with her attorney, the press, and several like-minded protesters in tow to conduct a demonstration in support of the right to sunbathe alfresco. She spoke to nearby beachgoers about First Amendment rights being infringed by the Department's bathing suit regulations. Then she removed her clothing and held a copy of the Bill of Rights in front of her body, whereupon she was arrested by defendant DeWald, an officer charged with enforcing the law, upon instructions from her supervisor. Plaintiff was given a citation charging her with disorderly conduct in violation of section 877.03 and released on her own recognizance. She was neither handcuffed nor fingerprinted, nor taken to jail. The criminal charge was later dismissed.
She then brought suit against defendants in the county court, alleging malicious prosecution and a violation of the Civil Rights Act of 1873, 42 U.S.C. section 1983.[2] Defendants each raised the defense of qualified immunity. At trial, plaintiff moved for a directed verdict, arguing that as a matter of law there was no immunity from damages for arresting and charging someone with a violation of a statute that had previously been declared unconstitutional 16 years before the arrest. After the trial court granted the motion, the case went to the jury. Their verdict awarded damages of $500 from DeWald, $500 from Fillyaw, and $3,000 from Domroski. From the final judgment, defendants appeal.
The statute construed by the Wiegand court reads: "Whoever commits such acts as are of a nature to corrupt the public morals, or outrage the sense of public decency, or affect the peace and quiet of persons who may witness them or engages in brawling or fighting, or engages in such conduct as to constitute a breach of the peace or disorderly conduct, shall be guilty of a misdemeanor in the second degree."
504 F.2d at 304-5. The Wiegand court concluded that the statute was facially unconstitutional for vagueness and overbreadth in that it apparently extended to protected speech. The case involved an arrest under the statute for uttering a profanity and causing a disturbance in a bar. The Fifth Circuit reasoned:
"In our view Gooding v. Wilson, 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972) mandates this decision. Like the Georgia breach of the peace statute found to be unconstitutional in Gooding, in that it prohibited protected, as well as unprotected, speech we find that the Florida statute applies to protected speech and unless it has been authoritatively construed by state courts to limit its application solely to that speech which the state may constitutionally regulate, the statute cannot be upheld." [e.s.]
504 F.2d at 305.
Some two years later, the Florida Supreme Court confronted the same statute in White v. State, 330 So.2d 3 (Fla.1976). The defendant there was charged and convicted of violating the statute by causing a commotion and disturbance in a police station, where he had gone to secure his father's release on bail. Officers described what happened as "he went almost into a fit;" he "continued screaming at the top of his lungs;" and that *839 his conduct "was affecting the entire station." 330 So.2d at 4. Before he was arrested, he was warned to modify his conduct so as not to disturb the orderly affairs of the station. Characterizing the events which led to defendant's arrest, the court said:
"In sum, the words used by the defendant are protected even though they may not be acceptable in certain strata of society. It is the degree of loudness, and the circumstances in which they are uttered, which takes them out of the constitutionally protected area. Indeed, his conduct would have been equally disorderly had he merely recited `Mary Had a Little Lamb' in the same tone and under similar circumstances."
330 So.2d at 7. In upholding the validity of the statute, the court concluded that it was necessary to narrow the statute by judicial construction so that protected speech was not infringed. The court said:
"We hold that mere words, used as a tool of communication, are constitutionally protected. The protection fails only when 1) by the manner of their use, the words invade the right of others to pursue their lawful activities, or 2) by their very utterance, they inflict injury or tend to incite an immediate breach of the peace. Limited by this construction, we hold the statute constitutional."
330 So.2d at 7.
In State v. Dwyer, relied on by the county court, the supreme court again addressed an argument that the statute was unconstitutional. After discussing the rule that all courts in Florida are bound by its decisions even in the face of contrary holdings by federal courtsthe court disposed of the issue by saying:
"In any event, the constitutional objection raised against Florida Statute, Section 877.03 by Wiegand, supra, has been cured. Wiegand, noting that this Court had not made a narrowing construction of the statute to exclude from its operation speech protected by the First Amendment, found the statute to be facially overbroad and held it unconstitutional. We have recently made the necessary construction. White v. State, 330 So.2d 3, Fla., 1976." [e.s.]
332 So.2d at 335.
In sum, then, Wiegand found the statute facially unconstitutional because it had not then been narrowed by authoritative judicial construction to preclude its use to punish protected speech. In White, however, the supreme court of our state made that authoritative construction. Dwyer merely reiterated that the statute was now valid with its previous limiting construction in White and, accordingly, the Wiegand holding was cured. The county court, therefore, improperly applied a precedent that had become moot by later decisions. The question we now confront is whether, given the state of the law on the day of arrest, defendants were entitled to qualified immunity as a matter of law. We conclude that they were.
South Florida Free Beaches v. City of Miami, 734 F.2d 608 (11th Cir.1984), holds that "nude sunbathing is not a form of expression protected by the first amendment. The court explained that "`[n]udity is protected as speech only when combined with some mode of expression which itself is entitled to first amendment protection,'" such as dance or literature. 734 F.2d at 609. [c.o.]. The court added that "a person of reasonable intelligence would understand Section 877.03 to prohibit nudity on public beaches." South Florida Free Beaches, 734 F.2d at 611. Thus, the core of plaintiff's contention, that as construed by the federal courts there was a section 1983 deprivation based on a right to engage in nude sunbathing on a public beach, is founded on a faulty premise.
It is well settled that public officials are immune in their individual capacities from suits for damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). The rule of immunity shields "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986).
*840 According to the Eleventh Circuit in Naturist Society Inc. v. Fillyaw, 958 F.2d 1515 (11th Cir.1992),[3] qualified immunity involves two distinct elements:
"First, the public official must show that the acts complained of were `within the scope of his discretionary authority when the allegedly wrongful acts occurred.' Second, the plaintiff must show that the public official's actions `violated clearly established constitutional law.' Rich v. Dollar, 841 F.2d 1558, 1563-64 (11th Cir.1988). Clearly established law must be determined `through the eyes of an objective, reasonable government official.' Nicholson v. Georgia Dept. of Human Resources, 918 F.2d 145, 147 (11th Cir.1990)."
958 F.2d at 1523-24. After a public official has shown that he was acting within his discretionary authority when the event occurred, the burden then shifts to the plaintiff to establish that the official's actions violated clearly established constitutional law. 958 F.2d at 1523. In this case immunity turns on the second element, namely whether defendants' conduct violated clearly established constitutional law.
If applicable law is unsettled, immunity necessarily results. Nicholson v. Georgia Dept. of Human Resources, 918 F.2d 145, 147 (11th Cir.1990). In this case, the law is actually settled in favor of the defendants' conduct. White and South Florida Free Beaches clearly establish that section 877.03 is no longer facially unconstitutional as regards the use of section 877.03 to punish nude sunbathing on a public beach. The application of the statute to the incident may have become unclear, however, owing to plaintiff's attempt to mix protected speech with clearly unprotected conduct.
The public officials in this case are not appellate judges, able to parse the many opinions of the state and federal courts on the subject and decide without fear of contradiction that conduct is so intertwined with speech as to be itself protected even though it results in a breach of the peace. Neither, however, does the law impose on them the burden to do so or suffer damages suits like this one. On this record, defendants were plainly entitled to qualified immunity. It follows that the final judgment must be reversed and the cause remanded to the trial court to enter judgment in favor of defendants.
REVERSED.
STONE, J., and STREITFELD, JEFFREY E., Associate Judge, concur.
NOTES
[1] We characterize the event as an attempt because appellee actually partially covered her otherwise nude body with a copy of the Bill of Rights that extended over the private areas of her anterior anatomy. In this sense, perhaps it can be said that the Bill of Rights covers nude sunbathing.
[2] She also sued the state for false arrest and false imprisonment. The disposition of the claims against the state is not before us.
[3] We have not unadvisedly chosen this case as authority for the point. The appellee in that case was the same John Fillyaw; one of the appellants was the same T.A. Wyner; and the beach is the same.