STONE, J.
This case arises out of an entry onto the plaintiff, Vaughan’s, property to remove citrus trees by Elso and Conner, employees of the Department of Agriculture, and Weller, a deputy sheriff. The trial court entered orders dismissing these three defendants on grounds that they were entitled to qualified immunity.
The essential qualified immunity issue in this appeal is whether, at the time of the incident, the law clearly established that a warrant was required for the search of Vaughan’s property and whether, by entering his yard and arresting Vaughan, they exceeded the parameters of reasonable conduct.
When Vaughan refused the department inspectors entry to his property, they contacted the Broward County Sheriffs Office, asking that a deputy be dispatched to assist them. Deputy Weller was sent on the call. Vaughan was arrested and the inspectors entered without consent and turned the trees to mulch. The state attorney later dismissed the charges against Vaughn, who filed a civil action against the appellees.
In finding that the individual defendants were entitled to qualified immunity, the trial court recognized that they were acting under color of authority, and that the statute, section 581.081(15)(a), Florida Statutes, appeared to grant the authority to enter the property and destroy the trees.
In DeWald v. Wyner, 674 So.2d 836, 839 (Fla. 4th DCA 1996), we recognized that “[i]t is well settled that public officials are immune in their individual capacities from suits for damages ‘insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known.’ ” (citing to Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). Immunity for an official “turns on the ‘objective legal reasonableness’ of the action.” Jones v. Kirkland, 696 So.2d 1249, 1252 (Fla. 4th DCA 1997).
The burden is on the plaintiff to show that an official, acting within the scope of discretionary authority, violated the plaintiffs clearly established rights, of which a reasonable officer or inspector *652 would have known. Gentile v. Bauder, 718 So.2d 781, 784 (Fla.1998).
Clearly, the three defendants were acting within the scope of their duties; the question is whether reasonable employees in them position, at that point in time, would believe the statute authorized this conduct and whether clearly established law prohibited such a warrantless administrative search. We note that the trial court did not dismiss the case as to the department and sheriffs office, and their potential liability is not an issue in this appeal.
Section 581.031(15)(a), Florida Statutes, grants inspectors the “power to enter into or upon any place” thought to house or contain anything that could threaten agricultural interests. Section 581.184, Florida Statutes,[1] further requires the sheriff to provide assistance and protection to the department employees and agents in obtaining access to such property.
We recognize that Camara v. Municipal Court of the City of San Francisco, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967) held that a code enforcement search of a residence was a “significant intrusion upon the interests protected by the Fourth Amendment” and that such a search required a warrant. Conner and Elso claim that the instant situation is a novel one, and they should not be held to foresee the application of Camara to citrus canker enforcement under section 581.031.
The controlling court opinions in Florida concerning relevant ramifications of citrus canker enforcement were not published until after the entry onto Vaughan’s land. See, e.g., Haire v. Dep’t of Agric. & Consumer Servs., 870 So.2d 774 (Fla.2004). We cannot ignore that one reason there has been a number of lawsuits and appeals since the inception of the eradication program is precisely because inspectors, often with law enforcement assistance, were entering property without warrants to inspect or destroy citrus trees. The trial court also recognized, and it is undisputed, that the inspectors in this case had no personal interest in cutting down these trees and that they and the deputy proceeded on the belief that authorization was accorded them by the statute. Additionally, there is no indication in the record that any of the three had any training or instruction otherwise.
Although not officially reported, we deem Grimm v. Spell, Case No. 2:00-CV506-FTM-29DNF (M.D.Fla. July 3, 2003), aff'd, 99 Fed.Appx. 881 (11th Cir.2004), rehearing en banc denied, 104 Fed.Appx. 154 (2004), cert. denied, 543 U.S. 999, 125 S.Ct. 605, 160 L.Ed.2d 457 (2004) instructive. The facts in Grimm were very similar, except that, in that case, the plaintiff, in the face of authority, “reluctantly unlocked the gate, stepped aside, and allowed [the inspectors] to enter.” The federal district court ruled that the inspectors were entitled to qualified immunity, basing the decision on its finding that the search for infected trees was dissimilar enough from the Camara scenario of a housing code inspector to render the law, establishing that a warrant was needed, not yet clearly established.
The issue in this appeal is not whether there was a Fourth Amendment violation, there was; the issue is not about whether Vaughn’s arrest was valid, it was not; the issue is not about whether Vaughn is entitled to suppression of any evidence unlawfully obtained and a quashing of any criminal charges, he would be; the issue is not *653 about whether the sheriffs office and/or the state should compensate Vaughn, a question not raised here; the issue is not about whether qualified immunity questions should be resolved by a jury rather than by trial court order, a question not raised before the trial court or before this court and, therefore, not preserved; and the issue is not even about whether a qualified immunity claim would succeed on these facts for a similar incident occurring now, it would not.
The determinative issue here is whether reasonable public officials in the same circumstances and possessing the same knowledge as the defendants could have believed the law authorized entry without a warrant. Walsingham v. Dockery, 671 So.2d 166, 172 (Fla. 1st DCA 1996). Here, the inspectors were working under the direction of the department. Many teams of inspectors were out performing the same tasks. A detail was designated by the Broward County Sheriffs Office to work in concert with the inspectors and facilitate removal of infected and exposed citrus trees.
Notwithstanding that it may not have been necessary to arrest Vaughn, the trial court did not err in concluding that the individual defendants are entitled to qualified immunity. Therefore, the consolidated orders of dismissal are affirmed.
MAY, J., concurs.
FARMER, J., dissents with opinion.

. See 581.184(7), Fla. Stat. (2000), subsequently amended and now found in subsection (9).