SHEPHERD, J.
This is an appeal from a summary denial of a motion to correct illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a), in which the defendant, Karl Johnson, seeks the restoration of 550 days of jail credit. Because the defendant signed an acknowledgement waiving all credit for time served, we affirm the trial court’s summary denial of his Rule 3.800(a) motion, but for the reason explained below do so without prejudice to his filing a Florida Rule of Criminal Procedure 3.850 motion to withdraw his plea if he so chooses.
This proceeding arises out of a probation violation proceeding. According to Johnson’s motion, the State offered him thirty-six months in state prison with credit for all time served and a judicial recommendation for participation in the Modality substance abuse program while serving the sentence to close the case. Johnson states he was agreeable to this resolution. Johnson next alleges that at sentencing, the trial court expressed the belief the defendant had to serve the full thirty-six months to be eligible for the Modality program. Based upon this representation, Johnson states he agreed to waive all credit for time served in order to preserve the opportunity.
The defendant now claims the Modality program was eliminated prior to his sentence and, even if the Modality program still existed, it only required an eighteen-month incarceration, rather than thirty-six months believed by the trial court. Johnson claims he was induced to waive his jail credit based upon a false assumption.
A sentence is illegal “if the terms or conditions of the punishment for a particular offense are impermissible as a matter of law.” Carter v. State, 786 So.2d 1173, 1181 (Fla.2001). In this case, the defendant’s sentence is not illegal because it was a certain term below the maximum sentence of ten years for two counts of child abuse, see § 827.03, Fla. Stat. (2006), with an express waiver of all credit for time served. Thus, the trial court properly denied the defendant’s motion to correct illegal sentence.
However, if the defendant’s allegations in his motion are true, the plea agreement may have been made upon a mistaken assumption. In such cases, the proper remedy is not to award the defen *79 dant credit for time served that he waived, but rather allow “the defendant [to] stand by the plea bargain as is, or [ ] withdraw his plea and proceed to a hearing on the original revocation of probation charges.” Rivera v. State, 954 So.2d 1216, 1218 (Fla. 3d DCA 2007) (citing Fulcher v. State, 875 So.2d 647, 650 (Fla. 3d DCA 2004)). Thus, we affirm without prejudice for the defendant, if he so chooses, to file a proper and timely Rule 3.850 motion to withdraw his plea. It appears the defendant is still within the two-year period to file such a motion. We express no view on the merits of any such motion.
Affirmed.