PER CURIAM.
 

 Ortega seeks review of the trial court’s order denying his motion to correct illegal sentence. We affirm.
 

 In 2004, Ortega was charged with, and pled guilty to, possession with intent to sell or deliver marijuana, in violation of section 893.13(l)(a)2., Florida Statutes (2004). He was placed on two years’ probation, which terminated in 2006.
 

 In August of 2011, Ortega filed a motion to correct illegal sentence, pursuant to Florida Rule of Criminal Procedure 3.800. In his motion, Ortega contends his guilty plea was “involuntary,” based upon the recent decision by the United States District Court in
 
 Shelton v. Secretary, Department of Corrections,
 
 802 F.Supp.2d 1289 (M.D.Fla. 2011).
 
 [1]
 

 To the extent that Ortega is indeed asserting that his plea was “involuntary,” such a claim must be asserted by a motion filed pursuant to Florida Rule of Criminal Procedure 3.850.
 
 Johnson v. State,
 
 60 So.3d 1045 (Fla.2011);
 
 Johnson v. State,
 
 50 So.3d 77 (Fla. 3d DCA 2010).
 

 There is no time requirement within which to file a motion to correct an illegal sentence pursuant to Rule 3.800(a).
 
 [2]
 
 By contrast, Rule 3.850(b) contains a two-year time limitation, which renders Ortega’s motion, on its face, untimely. Although Rule 3.850 does provide exceptions to the two-year time limitation, none of the
 
 *348
 
 exceptions has been alleged in Ortega’s motion, nor does any appear to exist on the record before us.
 
 But see
 
 Rule 3.850(b)(2) (providing that a motion for postconviction relief may be filed more than two years after the judgment and sentence become final if it alleges that “the fundamental constitutional right asserted was not established within the period provided for herein
 
 and has been held to apply retroactively, and the claim is made within 2 years of the date of the mandate of the decision announcing the retroactivity
 
 ”) (emphasis added)).
 

 We therefore affirm the trial court’s denial of Ortega’s motion to correct illegal sentence without prejudice for Ortega to file a proper motion for postconviction relief pursuant to Rule 3.850, should he be able to do so within the pleading and time requirements of that rule. We express no view on the merits of any such motion.
 

 [1]
 

 . In
 
 Shelton,
 
 a federal court held that ‘‘[b]e-cause Section 893.13, Florida Statutes imposes harsh penalties, gravely besmirches an individual’s reputation, and regulates and punishes otherwise innocuous conduct without proof of knowledge or other criminal intent, the Court finds it violates the due process clause and that the statute is unconstitutional on its face.”
 
 Shelton,
 
 802 F.Supp.2d 1289, 1308. While lower court federal rulings may be persuasive, such rulings are not binding on this Court. State v.
 
 Dwyer,
 
 332 So.2d 333 (Fla.1976). Moreover, Shelton is contrary to a prior decision of this Court upholding the facial constitutionality of section 893.13 against the same due process challenge.
 
 See Taylor v. State,
 
 929 So.2d 665 (Fla. 3d DCA 2006).
 
 See also, Little
 
 v.
 
 State,
 
 77 So.3d 722, 2011 WL 5554812 (Fla. 3d DCA 2011).
 

 [2]
 

 . "A court may at any time correct an illegal sentence_” Fla. R.Crim. P. 3.800(a).