# Third District Court of Appeal

## State of Florida

Opinion filed March 13, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2168
Lower Tribunal No. F89-27202B
_____

**Jose Peralta,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Tanya Brinkley, Judge.

Chase Law Florida, P.A., and Dane K. Chase (Saint Petersburg), for appellant.

Ashley Moody, Attorney General, and Richard L. Polin, Chief Assistant Attorney General, for appellee.

Before LINDSEY, MILLER, and LOBREE, JJ.

PER CURIAM.

Affirmed.  See Johnson v. State, 50 So. 3d 77, 78–79 (Fla. 3d DCA 2010) (affirming trial court's denial of rule 3.800(a) motion to correct illegal sentence without prejudice to permit appellant to seek relief through proper and timely motion to withdraw the plea under rule 3.850); State v. Huerta, 38 So. 3d 883, 885 (Fla. 3d DCA 2010) (finding appeal was not cognizable under rule 3.800(a) motion to correct illegal sentence); see also Haynes v. State, 106 So. 3d 481, 482 (Fla. 5th DCA 2013) ("But while [appellant] sought relief under rule 3.800(a) to obtain correction of his sentence, he was actually challenging the terms of his plea agreement and the resulting convictions. As the sentence was the product of a negotiated plea, the remedy is not to correct the illegal sentence, but rather a motion under [rule] 3.850 to set aside the plea, vacate the judgment and sentence, and reinstitute all charges pending against [appellant] prior to entry of the plea.") (internal citations omitted).