690 So.2d 731 (1997)
Paula REDO, Appellant,
v.
Gary SYLVESTRI and C.S. Holding, Appellees.
No. 96-2110.
District Court of Appeal of Florida, Fourth District.
April 2, 1997.
Jeffrey J. Walker of Jeffrey J. Walker, P.A., Fort Lauderdale, for appellant.
*732 George P. Roberts, Jr. of Roberts & Reynolds, P.A., West Palm Beach, for appellees.
PER CURIAM.
Appellant Paula Redo's third amended complaint contains a claim for civil damages against appellee police officers under 42 U.S.C. § 1983, alleging that the officers used excessive force in arresting her. See Graham v. Connor, 490 U.S. 386, 394, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443(1989). The trial court granted the officers' motion for summary judgment on the grounds of qualified immunity. The facts surrounding the arrest are in dispute; the version most favorable to Redo is that she did not resist and that she was beaten while lying on her stomach and being restrained by handcuffs and shackles.
Where the facts upon which the determination of qualified immunity hinges are in dispute, then those facts require a determination by a finder of fact. Brescher v. Pirez, 22 Fla. L. Weekly D210, ___ So.2d ___ [1997 WL 11857] (Fla. 4th DCA Jan. 15, 1997). Beating a restrained suspect who is not resisting is obviously unlawful and violative of a suspect's constitutional rights. E.g., Butler v. City of Norman, 992 F.2d 1053 (10th Cir.1993)(fact issues precluded officers' summary judgment on ground of qualified immunity where plaintiff's deposition stated that officers beat him with flashlight when his hands were handcuffed behind his back). If Redo proves her allegations, then the officers are not entitled to the defense of qualified immunity, since their conduct violated clearly established constitutional law. See Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); City of Hialeah v. Fernandez, 661 So.2d 335, 339 (Fla. 3d DCA 1995).
The summary final judgment in favor of appellees is reversed and the case is remanded to the trial court for further proceedings.
FARMER, STEVENSON and GROSS, JJ., concur.