BLUE, Acting Chief Judge.
The Environmental Corporation of America, Inc., (“ECA”) brought a five-count complaint against the Department of Environmental Protection (“DEP”) and Secretary Virginia Wetherell, Director John Ruddell and Environmental Administrator Charles Williams. In the third amended complaint, ECA sought relief based on allegedly improper policy and rule-making by DEP and the individual defendants related to applications for reimbursement under the Inland Petroleum Trust Fund. Wetherell, Ruddell and Williams appeal the denial of their motion to dismiss count III, which is a federal civil rights claim brought under 42 U.S.C. § 1983. We agree that they are entitled to qualified immunity as a matter of law. Accordingly, we reverse.
In count III, ECA alleged that DEP and the individual defendants violated clearly established law against retroactive rule-making by adopting a reimbursement policy that was later formalized as an administrative rule in chapter 62-773, Florida Administrative Code. ECA alleged that by revising the policy and rule relating to reimbursement criteria, DEP and the individual defendants deprived ECA of a vested property right to reimbursement from the trust fund.
Qualified immunity shields government actors from personal liability when their conduct does not violate clearly established rights. See Vermette v. Ludwig, 707 So.2d 742 (Fla. 2d DCA 1997), review denied, 717 So.2d 534 (Fla.1998) (table citation). A two-part test is used to analyze whether qualified immunity applies in a given case. “First, the defendant must demonstrate that he or she performed the acts in question as part of a discretionary government function. The burden then shifts to the plaintiff to prove that the defendant’s conduct violated clearly established statutory or constitutional rights.” 707 So.2d at 745 (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). This appeal requires a determination of whether the individual defendants’ conduct violated clearly established law.
ECA claims that the individual defendants violated the prohibition against retroactive rule-making by revising the rule that applied to ECA’s reimbursement applications. Contrary to ECA’s position, the First District recently upheld the challenged rule revision in Environmental Trust v. State, Department of Environmental Protection, 714 So.2d 493 (Fla. 1st DCA 1998). Concluding that the revised rule merely clarified another existing rule, the court held that the revision fell within an exception to the prohibition against retrospective application. Therefore, the basis for ECA’s claim, the allegedly improper exercise of rule-making authority, has been squarely rejected by the First District.
In light of the Environmental Trust decision, we conclude that the individual defendants here are entitled to qualified immunity because their conduct did not violate clearly established law. Instead, the First District has upheld their actions. At the very least, therefore, we conclude that the law is not clearly established in favor of ECA’s position. “[I]f applicable law is unsettled, immunity necessarily results.” Junior v. Reed, 693 So.2d 586, 591 (Fla. 1st DCA 1997) (quoting DeWald v. Wyner, 674 So.2d 836, 840 (Fla. 4th DCA 1996)).
Accordingly, we reverse and remand with directions for the trial court to dismiss count *275 III, the § 1983 claim, against the individual defendants Wetherell, Ruddell and Williams.
Reversed and remanded with directions.
FULMER and CASANUEVA, JJ., concur.