GREEN, Judge.
The appellant, Mark Montague, appeals the trial court’s nonfinal order denying his *512 motion for summary judgment in which he asserted qualified immunity from the 42 U.S.C. § 1988 civil rights action filed by the appellee, Clifton S. Cooley. We reverse.
Mr. Montague is an officer with the Tampa Police Department. Mr. Cooley filed his civil rights claim against Officer Montague as a result of an incident that occurred at the Cooley residence. Officer Montague filed a motion for summary judgment asserting that he was entitled to qualified immunity from the lawsuit. A hearing was held on the motion for summary judgment.
The testimony indicated that Clifton S. Cooley was married to Ester Cooley and they resided together in their jointly owned home located in Tampa, Florida. Approximately one week prior to October 5, 1995, Mr. Cooley told his wife to leave their home. On October 5, 1995, at about 2:30 a.m. Mrs. Cooley requested Officer Richard Matthews and Sergeant Peter Brevi of the Tampa Police Department to accompany her to her home to assist with retrieving medications and other personal items.
Officer Matthews knocked on the front door and identified himself and Sergeant Brevi as the police. Mr. Cooley opened the front door and the officers verified that Mrs. Cooley was his wife.
The officers then informed Mr. Cooley that Mrs. Cooley wished to enter her residence and retrieve some of her personal property. Mr. Cooley refused to allow Mrs. Cooley or the police to go inside; however, he delivered Mrs. Cooley’s medication to Officer Matthews, who was standing outside the door. Officer Matthews placed his foot in the door and attempted to persuade Mr. Cooley to allow his wife entry. At this point, Officer Montague arrived at the residence.
Officer Montague joined Officer Matthews in attempting to persuade Mr. Cooley to allow Mrs. Cooley to enter the home. Rather than allow his wife entry, there was testimony by the officers that Mr. Cooley closed the.front door, which struck Officer Montague. Officer Montague then pushed the door open, entered the house, and struggled with Mr. Cooley in an attempt to arrest him for battery on a law enforcement officer and resisting arrest with violence. Mr. Cooley, however, denied that he closed the door striking Officer Montague. The criminal charges filed against Mr. Cooley resulting from this incident were subsequently dismissed. The trial* court denied Officer Montague’s motion for summary judgment. Officer Montague filed this timely appeal.
The purpose of qualified immunity in this context is to protect law enforcement officers from suit and monetary liability. See Siegert v. Gilley, 500 U.S. 226, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991). Since it is' impossible to “reimmunize” a defendant police officer after a trial, consideration of qualified immunity is especially appropriate through a summary judgment motion. That motion requires a question of law to be decided by the court and not the trier of fact. See Stephens v. Geoghegan, 702 So.2d 517 (Fla. 2d DCA 1997).
A determination of qualified immunity involves a two part analysis. See Vermette v. Ludwig, 707 So.2d 742 (Fla. 2d DCA 1997), rev. denied, 717 So.2d 534 (Fla.1998), cert. denied, — U.S.--, 119 S.Ct. 449, 142 L.Ed.2d 403 (1998). First, the defending officer has the initial burden of showing that he was acting within the scope of his discretionary law enforcement duties. See Vermette, 707 So.2d at 745. Once the defending officer meets that requirement, the burden shifts to the plaintiff to prove that the officer’s actions “violated clearly established statutory or constitutional rights.” Id.
Officer Montague met the burden of showing that he was acting within his discretionary authority as a Tampa Police Department officer. He responded to Mrs. Cooley’s call to aid her in entering *513 her own home. Consequently, the burden shifted to Mr. Cooley to establish that Officer Montague violated established law applicable to a breach of privacy and the use of excessive force. Mr. Cooley failed to meet his burden.
Our holding is limited to the undisputed facts of this case concerning the right of one spouse to enter a premises jointly owned with an objecting spouse. Mr. Cooley was under the impression that, having excluded his wife from the home, she was required to obtain a court order for reentry. The three police officers who were assisting Mrs. Cooley believed, correctly, that Mrs. Cooley was entitled to assistance in peacefully entering her premises.
Since Mr. Cooley failed to meet his burden of demonstrating that Officer Montague violated Mr. Cooley’s clearly established rights, we reverse the trial court’s order denying Officer Montague’s motion for summary judgment based on qualified immunity.
Reversed and remanded.
FULMER, A.C.J., Concurs in result only.
WHATLEY, J., Concurs.