750 So.2d 674 (1999)
Albert BUTLER, Appellant,
v.
James DOWLING, Carolyn Dowling, D & R Production, Inc., a dissolved corporation, by and through Judith Ruddock, last known director as trustee d/b/a Razor's Palace, City of Plantation, a municipal corporation, and C.E. Sharrett, individually and as the Chief of Police for the City of Plantation, Appellees.
No. 99-1372.
District Court of Appeal of Florida, Fourth District.
December 22, 1999.
Raoul G. Cantero, III, and Natalie J. Carlos of Adorno & Zeder, P.A., Miami, for appellant.
Michael A. Kaiser of Law Offices of Fenstersheib & Fox, P.A., Hallandale, for Appellees-James Dowling and Carolyn Dowling.
PER CURIAM.
This is a timely appeal by police officer Albert Butler from an order denying his motion for summary judgment on the issue of qualified immunity in an action brought against him under 42 U.S.C. § 1983. The order provided no detail or explanation of the reasons behind the ruling. The record suggests that the trial court could have denied summary judgment on the grounds of the existence of genuine issues of material fact or on the lack of adequate notice to the plaintiff prior to the hearing on the motion. In either event, the trial court did not rule that appellant was not entitled to qualified immunity as a matter of law, such that this court would have jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(viii).
Because of the policy considerations behind the defense of qualified immunity *675 in a § 1983 action, this court has discretionary jurisdiction to review the order by certiorari. See Vermette v. Ludwig, 707 So.2d 742 (Fla. 2d DCA 1997), rev. denied, 717 So.2d 534 (Fla.1998), and cert. denied, ___ U.S. ___, 119 S.Ct. 449, 142 L.Ed.2d 403 (1998); Stephens v. Geoghegan, 702 So.2d 517 (Fla. 2d DCA 1997).
Based on a review of this record, the trial court could have denied the motion for several reasons, either of which would not have been a departure from the essential requirements of law.
First, appellees concede that they initially waived the 20 day notice requirement of Florida Rule of Civil Procedure 1.510(c); however, the trial court could have concluded that they properly withdrew their waiver when appellant failed to serve them with the motion for summary judgment until a few working days before the hearing date. Appellant cites case law condemning "gotcha" tactics in litigation, such as Jaszay v. H.B. Corp., 598 So.2d 112 (Fla. 4th DCA 1992), and Glantzis v. State Automobile Mutual Insurance Co., 573 So.2d 1049 (Fla. 4th DCA 1991). On this record, it is not clear whether appellant was the sandbagee or the sandbagger. The trial court was in a better position to make this evaluation, and may have properly denied the motion on this procedural ground.
The second potential basis for the court's denial of the motion for summary judgment is that under appellee James Dowling's version of the arrest, appellant was not entitled to the defense of qualified immunity, since the arrest was without arguable probable cause. The arrest was for disorderly conduct and disorderly intoxication under sections 877.03 and 856.011(1), Florida Statutes (1997). Dowling testified at deposition that he did not use profanities and was not agitated or emotional when speaking with the officer; Dowling did not have any type of physical, loud, or drunken confrontation with a friend on the evening of his arrest. Under his version of the facts, Dowling was arrested for the non-criminal act of failing to produce a nightclub singer's car keys when asked by the officer. The keys were not in Dowling's possession.
On the issue of the amount of force used, Bolanos v. Bain, 696 So.2d 478 (Fla. 3d DCA 1997), does not preclude a court in any given case from finding that the manner in which a suspect is handcuffed may, in combination with other facts, constitute excessive force or that handcuffing a suspect arrested without even arguable probable cause may constitute unreasonable, actionable conduct. Similarly, Hannula v. City of Lakewood, 907 F.2d 129 (10th Cir. 1990) (adoption recognized by Dixon v. Richer, 922 F.2d 1456 (10th Cir.1991)), is distinguishable. There, the court held that the failure to loosen tight handcuffs did not rise to the level of a clearly established constitutional violation. However, in that case, the claimant presented no evidence of contusions, lacerations or damage to the bones and nerves of the wrists, did not prove that the amount of force used was substantial, and did not establish malice on the part of the officer. See id. at 132. The record in Hannula contrasts with Dowling's claims in this case.
Dowling's version of the facts, if proven, would overcome the defense of qualified immunity. See Redo v. Sylvestri, 690 So.2d 731 (Fla. 4th DCA 1997). Arresting a person without even arguable probable cause, handcuffing him in a manner that injures him after being made aware of his physical condition, and pulling him out of a police car and beating him, constitute a civil rights violation.
The trial court could have denied the motion on either of these two grounds, which do not amount to a departure from the essential requirements of law. Therefore, we treat the appeal as a petition for writ of certiorari and deny it.
STEVENSON, GROSS and HAZOURI, JJ., concur.