KLEIN, J.
The issue presented by this appeal is whether an appellee, Officer Edstrand of the City of Margate, has qualified immunity as a matter of law in this civil rights action brought under 42 U.S.C. § 1983. The facts underlying the claim are his wrongful arrest of appellant for DUI. We reverse the summary judgment in his favor because there are issues of fact.
In October 1995 the Broward County Sheriffs Office organized a DUI checkpoint with the participation of Margate. After requiring appellant to perform a roadside sobriety test, Officer Edstrand arrested him for DUI. Appellant was then taken to a' different location where he was videotaped taking another roadside sobriety test and given two breathalyser tests, both of which indicated he had no alcohol in his system. Appellant also gave a urine sample whieh detected nothing other than *169 a prescription drug for blood pressure. Nonetheless he was handcuffed and taken to jail where he spent the night. The charges were ultimately dismissed.
Appellant filed this lawsuit against Officer Edstrand and others. Officer Edst-rand moved for summary judgment, essentially asserting that he had been informed by a screening officer that appellant smelled of alcohol, that appellant’s eyes were blood shot, that his speech was slurred, and he had trouble parking his car. He further asserted that appellant did not pass the initial roadside sobriety test and, even though he did pass the breathalyser tests, there was probable cause to arrest him.
Appellant responded by asserting that he did not fail the initial roadside sobriety test, that the second videotaped test showed that he passed, and that Officer Edstrand did not have probable cause, making his arrest unlawful.
Although the defense of qualified immunity under 42 U.S.C. § 1983 is a question of law, there can be issues of fact which must be resolved by the fact finder before the trial court can rule on the question of law. Brescher v. Pirez, 696 So.2d 370 (Fla. 4th DCA 1997). Once the facts are established, the test applied by the court to those facts is the “ ‘objective legal reasonableness’ of the action ... in light of the legal rules that were ‘clearly established’ at the time it was taken.” Id. at 374 (quoting Anderson v. Creighton, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)).
If, in the present case, a jury believes appellant’s version of what occurred, there would have been no basis at all for his arrest. Under those circumstances Officer Edstrand would not be “entitled to the defense of qualified immunity since [his] conduct violated clearly established constitutional law.” Redo v. Sylvestri, 690 So.2d 731, 732 (Fla. 4th DCA 1997)(citing Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) and City of Hialeah v. Fernandez, 661 So.2d 335 (Fla. 3d DCA 1995)). We therefore reverse.
FARMER and STEVENSON, JJ., concur.