KELLY, Judge.
The appellee, Tony Williamson, filed a complaint under 42 U.S.C. § 1983 against the City of Clearwater, City of Clearwater police officer Charles Esposito, and Diana Grimmage. Count I of the complaint alleges that Detective Esposito arrested Williamson without “arguable probable cause” in violation of his Fourth Amendment rights. In this appeal, Detective Esposito challenges the nonfinal order that denies his motion for summary judgment as to count I, arguing that he is entitled to qualified immunity from suit. We reverse.
Ordinarily, police officers are entitled to qualified immunity, which shields them from personal liability under § 1983. Moody v. City of Key West, 805 So.2d 1018 (Fla. 3d DCA 2002). To overcome a claim of qualified immunity, a plaintiff must show that the defendant engaged in conduct that violated clearly established law. Id. at 1021. Here, Williamson alleges that Detective Esposito violated his Fourth Amendment right to be free from an unlawful arrest without probable cause.
“An arrest without probable cause violates the Fourth Amendment and establishes a cause of action under § 1983. On the other hand, the existence of probable cause is an absolute bar to a § 1983 claim.” Vermette v. Ludwig, 707 So.2d 742, 746 (Fla. 2d DCA 1997) (citations omitted). Probable cause to arrest is to be determined upon objective facts available to police officers at the time of arrest. Brodnicki v. City of Omaha, 75 F.3d 1261 (8th Cir.1996). If a reasonable officer could have believed that there was probable cause for the arrest, the officer is entitled to qualified immunity. Brescher v. Pirez, 696 So.2d 370 (Fla. 4th DCA 1997).
In this case, it is undisputed that an eyewitness reported a crime to Detective Esposito and positively identified Wil- *696 Iiamson as the perpetrator. Based on this eyewitness account, a reasonable officer in the same circumstances as Detective Espo-sito could have believed that probable cause existed. See Vermette, 707 So.2d at 746. The level of certainty necessary for a finding of probable cause is much lower than that needed for a conviction on the underlying crime. Mills v. Town of Davie, 48 F.Supp.2d 1378, 1380 (S.D.Fla.1999).
In support of his argument that the officer lacked probable cause, Williamson argues that the detective wrote the wrong time of the offense in his arrest affidavit and therefore failed to investigate his alibi for the relevant time before making the arrest. However, police officers are not required to investigate a defendant’s alibi before making their probable cause determination. Brodnicki, 75 F.3d at 1264. As Detective Esposito argues, an officer is not required to conduct a mini-trial before making an arrest. See id.
“[I]f there are undisputed facts which require the application of the qualified immunity defense, the fact that there are other disputed issues is of no moment and the court should grant summary judgment....” Brescher, 696 So.2d at 373. Here, the undisputed facts require the application of the qualified immunity defense. Accordingly, we reverse and remand for the entry of summary judgment as to count I.
Reversed and remanded.
FULMER and CASANUEVA, JJ., Concur.