ON MOTION FOR CLARIFICATION
PER CURIAM.
The appellees’ point is well-taken, thus we grant their motion for clarification, withdraw our prior opinion rendered September 3, 2003, and substitute the following in its place.
Kenneth Acevedo, Douglas R. McCoy, Jr., and James A. McDonald appeal the denial of their motion for summary judgment based upon claims of qualified immunity. Because the trial court did not depart from the essential requirements of the law, we affirm.
Appellants are Miami-Dade County police officers and members of a special response team that aids in the execution of search warrants. On April 28, 1999, a six-member special response team and departmental police officers executed a search warrant at the home of appellees Frank and Diana del Toro. The search warrant sought evidence related to the attack on Betty Velez by Frank del Toro’s brother. At the time of the search, six minor children and twenty-six year old Ben Narvaez were in the home.
Upon entering the home, Officers Acevedo, McCoy, and McDonald shot and killed the del Toro’s dog. The del Toros sued the Miami-Dade County police department, as well as the individual police officers, and alleged that the police officers used excessive force in the execution of the search warrant, falsely arrested one of the minor children and Ben Narvaez, failed to train and discipline its officers, and failed to investigate the officers’ use of fire arms or otherwise correct the officers’ conduct. They also alleged that the Department created an environment that fostered such police conduct.
It is undisputed that the officers in this case were at the del Toro home to execute a valid search warrant. We conclude, however, as did the trial court, that the evidence is disputed as to whether the officers knocked and announced their presence prior to entry into the del Toro residence. “Where the facts on which the determination of qualified immunity hinges are in dispute, then those facts may require a jury determination.” Brescher v. Pirez, 696 So.2d 370, 374 (Fla. 4th DCA 1997). Qualified immunity cases are no different from other civil cases in which there are genuine issues of material fact. See Redo v. Sylvestri, 690 So.2d 731 (Fla. *1006 4th DCA 1997). The officers, therefore, are not entitled to summary judgment based on their affirmative defense of qualified immunity against personal liability.
Affirmed.