929 So.2d 1090 (2006)
Thomas MURRAY, Steven Wiley and Dominick Gucciardo, Appellants,
v.
Carl Stephen ROSATI and Peter Roussonicolos, Appellees.
Nos. 4D04-3426, 4D04-3429.
District Court of Appeal of Florida, Fourth District.
May 3, 2006.
*1091 Bruce W. Jolly and Summer M. Barranco of Purdy, Jolly, Giuffreda & Barranco, P.A., Fort Lauderdale, for appellants Steven Wiley and Dominick Gucciardo.
Stuart R. Michelson and James J. Birch of Law Office of Stuart Michelson, Fort Lauderdale, for appellant Thomas Murray.
Douglas L. Bates of Law Offices of Koppel and Bates, Plantation, for appellee Peter Roussonicolos.
John F. Cicilline of Cicilline Law Offices, Providence, Rhode Island, for appellee Carl Stephen Rosati.
WARNER, J.
Appellants seek to appeal an order denying their renewed motions for directed verdict, made after two mistrials were declared. They claim that the trial court determined as a matter of law that they are not entitled to absolute or qualified immunity on the claims against them, and thus Florida Rule of Appellate Procedure 9.130(a)(3)(C)(vii) permits a non-final appeal of that order. However, the trial court's order made no such determination, but instead merely denied the motions. We dismiss for lack of jurisdiction.
The appellees sued the appellants for violation of their civil rights pursuant to 42 U.S.C. § 1983. The appellees claimed that their arrests, detainment, and prosecution for murder were unlawful because they were not the result of probable cause but of the appellant officers' wrongdoing during the course of the murder investigation. They asserted that the officers suborned perjury, procured false identifications of appellees as suspects through coercion, and withheld exculpatory information and evidence. Appellants filed answers and moved for summary judgment claiming absolute and qualified immunity. The trial *1092 court denied the motion, and appellants appealed to this court. In Wiley v. Rosati, 804 So.2d 410 (Fla. 4th DCA 2001), this court per curiam affirmed the denial of the motion without opinion.
The case then went to trial twice, with both trials ending in mistrials. After the second mistrial, appellants moved for judgment in accordance with their motions for directed verdict. The trial court denied these motions. Appellants now appeal that ruling.
The general rule is that state actors are not subject to suit if they establish that they are entitled to absolute or qualified immunity. However, where there are material issues of fact regarding the asserted immunity, they are not entitled to appeal a trial court's decision on a motion for summary judgment. See Johnson v. Jones, 515 U.S. 304, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995). Though Johnson arose in the context of a denial of a motion for summary judgment, its reasoning would appear to apply with equal force to a motion for directed verdict.
It is well settled in Florida that in the absence of specific language in an order denying a motion for summary judgment that an appellant is not entitled to immunity as a matter of law, an appellate court does not have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130. Butler v. Dowling, 750 So.2d 674 (Fla. 4th DCA 1999) (finding no jurisdiction under rule 9.130 where trial court's order denying officer's motion for summary judgment on the issue of qualified immunity in plaintiff's civil rights action provided no detail or explanation of the reasons behind the ruling); see also Vermette v. Ludwig, 707 So.2d 742 (Fla. 2d DCA 1997) (holding that the court did not have jurisdiction under rule 9.130 to review non-final order denying motion for summary judgment where trial court did not state that it found that as a matter of law the appellants were not entitled to absolute or qualified immunity).
Here, at both the summary judgment and directed verdict stages, the trial court did not decide the issue as a matter of law, and the orders contained no specific language determining as a matter of law that appellants were not entitled to immunity. Therefore, there is no appellate jurisdiction under rule 9.130.
Appellants also argue that if there is no appellate jurisdiction, we should treat this as a petition for certiorari and exercise our discretionary jurisdiction to decide the immunity issue. We decline to do so, finding that the factual disputes, as well as the unsettled issues of law, militate against discretionary review. This, of course, is without prejudice to the parties re-addressing this issue upon final appeal.
GROSS and HAZOURI, JJ., concur.