MORRIS, Judge.
 

 Donald M. Montanez petitions for a writ of certiorari directed at the trial court’s order which denied his motion for immunity and motion to dismiss. We conclude that the trial court did not err, and we therefore deny the petition.
 

 I. Facts
 

 In this case Montanez, the owner of a tow truck company, shot and killed Glen Rich, whose car had been towed by one of Montanez’s employees. Rich was shot while attempting to recover his vehicle after he and some of his friends confronted Montanez and Montanez’s employees at the location where the vehicle had been towed. During the confrontation, Rich gained entry to the vehicle and attempted to drive the vehicle away. At some point, he drove the vehicle towards Montanez and one of Montanez’s employees. The circumstances then took a tragic turn. Montanez claimed that he fired his weapon as he dove out of the way to avoid being hit by the vehicle. The physical evidence revealed that the bullet entered the front side passenger window and then struck Rich, suggesting that Montanez fired the weapon as the vehicle was passing him.
 

 As a result of Rich’s death, Montanez was charged with second-degree murder
 
 *801
 
 and shooting at or into a vehicle.
 
 [1]
 
 Thereafter, Montanez filed his motion for immunity and motion to dismiss. He argued that pursuant to section 776.082, Florida Statutes (2005) (known as the “Stand Your Ground” law), he was entitled to immunity from prosecution for Rich’s death. Monta-nez argued that he had a reasonable belief that Rich was using the vehicle as a deadly weapon and that he [Montanez] fired the shot in defense of his life as well as in defense of his employee’s life.
 

 After an evidentiary hearing, the trial court denied the motions. The court noted that when a vehicle is proceeding forward, there is a zone of uncertainty as to the possible direction of that vehicle. The court further explained that under certain circumstances, where the vehicle is being used in a threatening manner towards individuals, it might not be unreasonable for such individuals standing in that zone of uncertainty to display a weapon in self-defense. The court ultimately found, however, that in this case, Montanez discharged his firearm after the zone of uncertainty had passed; thus, according to the trial court, the threat of imminent death or great bodily harm had also passed. On that basis, the trial court held that Montanez was not justified in discharging the firearm and that he was not entitled to immunity.
 

 II. Analysis
 

 “To obtain a writ of certiorari the petitioner must establish: (1) a departure from the essential requirements of the law; (2) resulting in material injury for the remainder of the case; (3) that cannot be remedied on postjudgment appeal.”
 
 Vermette v. Ludwig,
 
 707 So.2d 742, 744 (Fla. 2d DCA 1997). The last two prongs of this test are jurisdictional and must be met before this court can determine whether there was a departure from the essential requirements of the law.
 
 See Parkway Bank v. Fort Myers Armature Works, Inc.,
 
 658 So.2d 646, 648 (Fla. 2d DCA 1995).
 

 We have some doubt as to whether Montanez has established that he will suffer irreparable harm that cannot be remedied on postjudgment appeal should the prosecution of these charges proceed. If he is convicted of the charges at trial, he will still have an opportunity to file a direct appeal at which point his conviction could be overturned.
 
 See, e.g., McDaniel v. State,
 
 24 So.3d 654, 656-57 (Fla. 2d DCA 2009) (reversing and remanding appellant’s conviction in relevant part because trial court utilized wrong standard in determining that appellant was not entitled to immunity).
 
 [2]
 

 On the other hand, section 776.032(1) addresses immunity from both criminal prosecution and civil suits,
 
 [3]
 
 and this court has previously held that “[b]ecause of the nature and purpose of a claim of immunity from suit, an appeal after final judgment would not be an adequate remedy; a party can not [sic] be reimmunized from suit after-the-fact.”
 
 Vermette,
 
 707 So.2d at 744 (citing
 
 Stephens v. Geoghegan,
 
 702 So.2d 517, 521 (Fla. 2d DCA 1997)). In his
 
 *802
 
 motions, Montanez did not seek protection from civil suit. Nonetheless, a determination that he was not entitled to immunity under section 776.032 could leave him vulnerable to the possibility of defending a civil suit.
 

 Yet even assuming Montanez did establish irreparable harm that could not be remedied on postjudgment appeal, he has not established that the trial court departed from the essential requirements of the law.
 

 The parties agree that the trial court correctly utilized the preponderance of the evidence standard in deciding the issue of immunity, as set forth in
 
 Peterson v. State,
 
 983 So.2d 27 (Fla. 1st DCA 2008).
 
 [4]
 
 But Montanez argues the trial court departed from the essential requirements of the law when the trial court commented in its order that “[t]he events in this case did not occur in a house or a vehicle which is where this Court believes immunity is intended to apply.”
 

 We do not read the trial court’s comment to be the basis for its holding that immunity did not apply to Montanez. Rather, it is apparent from the order that the trial court’s decision was based on its determination that the zone of uncertainty had passed, i.e., that Montanez “knew the location of the individuals relative to the [vehicle] and that all individuals got out of the way of Glen Rich’s vehicle.”
 
 [5]
 
 Thus, according to the trial court, “Montanez knew or should have known that he and [the relevant employee] were no longer in the ‘zone of uncertainty’ when he fired his weapon.” The court’s later comment regarding its belief that immunity was intended to apply to situations where a person was inside a house or vehicle appears to be an afterthought. That interpretation is further supported by the court’s additional discussion — within the same paragraph — that because firearms are inherently dangerous, their use is “best left to well trained individuals who have a duty to serve and protect.” Under the facts of this case, we view such opinions from the trial judge as merely dicta.
 

 Even if we assumed that this latter challenged comment was a partial basis for the trial court’s reasoning, we would be constrained to deny the petition. “The departure from the essential requirements of the law necessary for the issuance of a writ of certiorari is something more than a simple legal error. There must be a violation of a clearly established principle of law resulting in a miscarriage of justice.”
 
 Housing Auth. of Tampa v. Burton,
 
 874 So.2d 6, 8 (Fla. 2d DCA 2004) (citing
 
 Ivey v. Allstate Ins. Co.,
 
 774 So.2d 679, 682 (Fla.2000)). While it is true that “[a] failure to observe ‘the essential requirements of law
 
 [1]
 
 has been held synonymous with a failure to apply the ‘correct law[,]’ ... [t]he district courts of appeal ‘should not be as concerned with the mere existence of legal error as much as with the seriousness of the error.’ ”
 
 Id.
 
 at 7 (quoting
 
 Haines City Cmty. Dev. v. Heggs,
 
 658 So.2d 523, 528, 530 (Fla.1995)).
 

 In this case, even if we construe the trial court’s comment to be an application of the incorrect law, we do not deem the error to
 
 *803
 
 be so serious as to constitute a departure from the essential requirements of the law resulting in a miscarriage of justice. We reach that decision because it is apparent that the trial court was not focused so much on the fact that Montanez was not in his home or vehicle but rather that Monta-nez was no longer in the zone of uncertainty. Thus, because the trial court supplied another legally permissible reason for the denial, any legal error resulting from the other finding does not rise to the level warranting the exercise of our certiorari power.
 

 We likewise do not find a departure from the essential requirements of the law in the trial court’s factual determination. It is clear from the record that at the time Montanez fired the shot, the vehicle was passing him. Thus we are not persuaded that he was still in the zone of uncertainty such that he was entitled to discharge the weapon in self-defense. Further, Montanez testified that at the time he fired the shot, he did not know where the employee whom he claimed he was protecting was located. That testimony was apparently problematic to the trial court as evidenced by its determination that “Montanez knew or should have known that he and [the relevant employee] were no longer in the ‘zone of uncertainty’ when he fired his weapon.” The implication from that finding is that before a person is justified in discharging a weapon in defense of others, that person must be reasonably certain that the person whom they are defending is in immediate danger of death or great bodily harm. Such a determination is in accord with the objective, reasonable person standard by which claims of justifiable use of deadly force are measured.
 
 [6]
 
 We find no error in such a determination.
 

 We hold that based on the facts of this case, the trial court did not depart from the essential requirements of the law, and we therefore deny Montanez’s petition for writ of certiorari.
 

 Denied.
 

 WHATLEY, J., Concurs.
 

 WALLACE, J., Concurs in result only.
 

 [1]
 

 . Montanez was also charged with four counts of aggravated assault, but those charges are not relevant for purposes of this certiorari proceeding.
 

 [2]
 

 . We additionally note that he will still be able to present self-defense as an affirmative defense at trial.
 
 See Peterson v. State,
 
 983 So.2d 27, 29 (Fla. 1st DCA 2008) (noting that petitioner could still raise immunity issue as affirmative defense at trial).
 

 [3]
 

 .Section 776.032(1) provides that "[a] person who uses force as permitted in s. 776.012, s. 776.013, or s. 776.031 is justified in using such force and is immune from criminal prosecution and civil action for the use of such force.”
 

 [4]
 

 .
 
 See Peterson,
 
 983 So.2d at 29 (“[W]hen immunity under [the “Stand Your Ground” law] is properly raised by a defendant, the trial court must decide the matter by confronting and weighing only factual disputes ... [and] must determine whether the defendant has shown by a preponderance of the evidence that the immunity attaches.”).
 

 [5]
 

 . Another one of Montanez's employees was actually struck by the vehicle, but that employee testified he put himself in harm’s way and Montanez did not claim he fired his weapon in defense of that particular employee.
 

 [6]
 

 .
 
 See
 
 Fla. Std. Jury Instr. (Crim.) 3.6(f) (providing that when a person claims to have acted in self-defense or in defense of others, they must be judged by the circumstances with which they were faced at the time the deadly force was used and to justify the use of deadly force, "the appearance of danger must have been so real that a reasonably cautious and prudent person under the same circumstances would have believed that the danger could be avoided only through the use of that force”).